ARGUED AND DETERMINED

IN THE

# SUPREME JUDICIAL COURT

OF

# MASSACHUSETTS.

---

WILLIAM NUTT, administrator, *vs.* RUFUS MORSE & others.

Middlesex. March 18. — May 18, 1886. W. ALLEN & HOLMES, JJ., absent.

A. deposited several sums of money in a savings bank, "in trust" for certain relatives of his, and told each that he had done so, saying that he could control the money while he lived, but that it was theirs after his death. He gave the deposit-books into the possession of one of these persons, who had charge of A.'s books and papers ; and A. drew the interest accruing on the several deposits. About a year before his death, A. said that he should not make a will ; that he had provided for these relatives by depositing money in the savings bank. The night before he died, A. said to these persons, " When I am gone, you take these books and transfer the money to your own names, and say nothing to nobody about it." *Held,* that there was not a perfected gift of the money to said persons ; and that the administrator of A.'s estate was entitled to it.

BILL IN EQUITY, filed November 17, 1883, by the administrator of the estate of Calvin Morse, to obtain the instructions of the court as to the disposition of certain funds. The case was referred to a master, who found the following facts:

The plaintiff's intestate, Calvin Morse, in 1873, was living in Natick. He was unmarried, and with his brother, Rufus Morse, and sister, Caroline Morse, lived in a house owned by himself. Maria Hayes was his sister, living near him, and Edgar S. Hayes

was her son. The other parties to this suit were the descendants of a deceased brother, Willard Morse.

On April 5, 1873, Calvin Morse deposited $1000 in the Natick Five Cents Savings Bank in the name of " Calvin Morse, Tr. for E. S. Hayes," and took a deposit-book therefor, numbered 2903. In May, 1873, he gave the book to Edgar S. Hayes (who then and afterwards, till the time of Calvin Morse's death, had the care of his books and papers, and assisted him in various business transactions), and said, " Here is a book I want you to take care of; if you outlive me, it is yours."

On June 13, 1873, Calvin Morse deposited in said bank $4000, the proceeds of a sale of land. These deposits were made as follows: " Book 3006, $1000; Calvin Morse in trust for Rufus Morse. Book 3007, $1000; Calvin Morse in trust for Edgar S. Hayes. Book 3008, $1000; Calvin Morse in trust for Caroline Morse. Book 3009, $1000; Calvin Morse in trust for Maria Hayes." These four books were put in the care of Edgar S. Hayes. Morse informed each of these four persons that he had deposited these sums. To Maria Hayes he said, " I can control this while I live, but if I die without drawing it, it is yours." To Rufus and Caroline Morse he said, that he had put in these sums in trust; that he could do what he had a mind to with the money while he lived, but that it was theirs after he died.

Calvin Morse knew, at the time of these deposits, that he could not draw interest on any sum over $1000.

On November 15, 1873, Calvin Morse drew out the interest which had accrued on these several deposits; and on May 5, 1874, Edgar S. Hayes, under the direction of Calvin Morse, drew the interest on said deposits, for which he accounted to him.

At this time, Calvin Morse was informed that, by a change of the statutes, the several deposits could be allowed to accumulate, by interest, to the amount of $1600. He then directed Hayes to let the interest accumulate. Hayes remarked to him, that then he, Hayes, would get more; to which Morse replied, " What do you care? I should not think you would find fault with that."

About a year before his death, Calvin Morse said that he should not make a will; that he had provided for his brother and sisters and Edgar S. Hayes by depositing money in the savings bank.

The night before he died, Calvin Morse said to his brother and sisters, " When I am gone, you take these books and transfer the money to your own names, and say nothing to nobody about it." Calvin Morse died on March 30, 1881.

The deposit-books remained in the possession of Edgar S. Hayes till May 8, 1882, when he withdrew from the bank deposits 2903 and 3007. Hayes retained possession of books 3006, 3008, and 3009 till November, 1883, when he delivered them to the plaintiff, the administrator, who has retained them to this time.

The case was heard by *Field*, J., and reserved for the consideration of the full court; such decree to be entered as justice might require.

*J. G. Abbott & S. A. Phillips*, for the descendants of Willard Morse.

*W. B. Gale & J. W. McDonald*, for the claimants.

MORTON, C. J. The funds in this case are claimed by a brother, two sisters, and a nephew of the deceased, upon the ground that they were given to them severally by him during his lifetime. The claims of each stand upon the same grounds substantially, there being no material difference in the evidence as to each alleged gift. Upon the facts found by the master, it is clear that there was no perfected gift to either of the claimants. The deceased deposited the money in his own name as trustee of each claimant, and told the claimant that he had done so. The books were in the possession of Edgar S. Hayes, one of the claimants, but he held them, as he did other papers of the deceased, merely as his agent or servant.

Calvin Morse retained the entire dominion and control of the funds, both principal and interest, during his life, and the facts show conclusively that he intended that no title to or interest in the funds should pass to the several claimants until after his death. The transaction was intended to be in the nature of a testamentary disposition, and was an attempted evasion of the statute of wills. *Sherman* v. *New Bedford Savings Bank*, 138 Mass. 581, and cases cited.

It follows that the funds remained the property of the depositor at the time of his death, and belong to the administrator, to be divided according to the statute of distributions.

*Decree accordingly.*