### Charles N. Lyons v. Carter-Mullaly Transfer Company.

Decided October 10, 1900.

**1. Practice—Exceptions to Pleading—Action for Personal Injuries.**

In an action by an employe against a transfer company for injuries caused by plaintiff being thrown from one of the company's wagons, where the evidence indisputably showed that the accident was not caused by the negligence, incompetency, or inefficiency of the driver of the wagon, the action of the trial court in sustaining exceptions to that part of plaintiff's petition which alleged that such driver was overworked and physically and mentally, by reason thereof, unfit to drive the wagon, could not have prejudiced the plaintiff.

**2. Fellow Servants—Negligence—Personal Injury.**

In an action against a transfer company by an employe, a driver, for injuries caused by his being thrown from a wagon driven by another employe, the court did not err in instructing the jury that the two drivers were fellow servants, and that, as there was no evidence of any negligence on the part of the company, they should return a verdict for defendant.

Error from Bexar. Tried below before Hon. S. J. Brooks.

*James Routledge,* for plaintiff in error.

*Houston Bros.,* for defendant in error.

NEILL, Associate Justice.—This suit was brought by plaintiff in error against defendant in error to recover damages for personal injuries alleged to have been inflicted upon the former by the negligence of the latter. The court after hearing the evidence peremptorily instructed the jury to return a verdict for the transfer company. From the judgment entered upon the verdict returned in obedience to this instruction, the plaintiff, Chas. N. Lyons, has appealed to this court.

The evidence shows that plaintiff and one Phillip Knabe, at the time of the alleged injuries, were in the employ of the transfer company as drivers of its baggage wagons; that the wagon driven by Knabe had turned over, and that the plaintiff, in pursuance of his duty under his employment, assisted Knabe in righting the wagon, and that he then started to ride with Knabe on the wagon to the barn of the transfer company, and was thrown from the wagon and injured. The evidence clearly shows that the injury was not caused by the negligence, incompetency, or inefficiency of the driver.

*Conclusions of Law.*—1. As the evidence as to how the accident occurred was fully developed, and indisputably established that it was not through the negligence, incompetency, or inefficiency of the driver, the action of the District Court in sustaining exceptions to that part of

plaintiff's petition which alleged that Knabe was overworked and physically and mentally, by reason thereof, unfit to drive the wagon, could not prejudice the plaintiff.

2. As the undisputed evidence shows that the plaintiff and Knabe were at the time of the accident engaged in the common employment or service of the defendant, neither occupying the position of vice-principal as to the other, the court did not err in instructing the jury that they were fellow servants, and to return a verdict in favor of the defendant,—there being no evidence of any negligence on the part of the transfer company.

The judgment of the District Court is affirmed.

*Affirmed.*

Writ of error refused.