R. M. LOVE ET AL. v. J. V. HUDSON, BY NEXT FRIEND.

Decided November 10, 1900.

**1. Burden of Proof—Gift to Minor Son in Fraud of Creditors.**

   Where plaintiff, a minor, sued for the value of certain cattle seized and sold under execution by defendant as a judgment creditor of his insolvent father, plaintiff claiming that the cattle were his own by virtue of a parol gift from the father, it was error for the court to charge that the burden was on defendant to show that the father was the real owner of the cattle and that they were kept in the son's name to conceal them from the father's creditors, since the burden was on plaintiff to show that he owned the cattle, and this necessarily involved disproving ownership in the father.

**2. Gift to Minor Child Invalid—Statute of Frauds.**

   A parol gift of cattle by an insolvent father to his minor son who continues to reside with him, there being no change of possession, and no act done by the father to indicate a change of title except putting an unrecorded brand on the cattle for the son, is invalid as against the father's creditors by virtue of the statute of frauds. Rev. Stats., art. 2546.

**3. Same—Unrecorded Cattle Brand.**

   Under the statute an unrecorded brand is not evidence of ownership of the cattle on which it may be used. Rev. Stats., art. 4930.

**4. Sureties on Replevin Bond—Sequestration.**

   Where property seized under a writ of sequestration is replevied by the defendant, and afterwards the sequestration proceedings are duly quashed, the sureties on the replevin bond are discharged.

APPEAL from Haskell. Tried below before Hon. P. D. SANDERS.

*P. B. Ward* and *McCormick & Spence,* for appellants.

*H. G. McConnell,* for appellee.

CONNER, CHIEF JUSTICE.—Briefly stated, this was a suit instituted by W. T. Hudson, as next friend of his minor son, J. V. Hudson, against R. M. Love, United States marshal, and L. V. F. Randolph, execution creditor, and P. B. Ward and C. W. Mertz, sureties upon a replevy bond given by said creditor, for the value of certain cattle alleged to have been levied upon by said marshal at the instance of said creditor, who converted the same after replevy from sequestration proceedings sued out in behalf of said minor.

The defense was, in substance, that the cattle so levied upon were in fact the property of W. T. Hudson, a judgment debtor of L. V. F. Randolph in a large amount, and that if the title to the same had ever been placed in said minor, it was so done by W. T. Hudson at a time when he was an insolvent, and with intent to hinder, delay, and defraud his creditors. A statement in greater detail may be found in the report of the case on a former appeal, when the judgment in appellee's favor was reversed because of the refusal of the court to give a special instruction submitting the issue whether W. T. Hudson was in fact the real and beneficial owner of the cattle, notwithstanding the alleged emancipation of J. V. Hudson. 50 S. W. Rep., 128. On the trial

from which this appeal was taken judgment was again rendered in appellee J. V. Hudson's favor for the sum of $588 against all of the appellants.

Among other things the court charged the jury, in submitting special issues, that the burden of proof was upon appellants to show that W. T. Hudson was the real and beneficial owner of the cattle in question, and that they were kept in the name of J. V. Hudson for the purpose of concealing said cattle from the creditors of W. T. Hudson. This is assigned as error in the second and third assignments. We are of opinion that the assignments must be sustained. The burden was certainly upon appellee in the first instance to show that J. V. Hudson was the owner of the cattle for the value of which he sued, and the burden thus cast upon appellants by the charge of the court necessarily involved disproving the ownership in J. V. Hudson. W. T. Hudson testified, in effect, that part of the cattle in controversy consisted of the increase of two cows and calves given his minor son in 1891 or 1892 in payment of a debt of $64 due by reason of the conversion by him of the increase of a heifer calf branded for J. V. Hudson while an infant in 1881 or 1882; and that at the time the two cows and calves in question were delivered to his son, by agreement between them, the son was emancipated, and that all of the cattle in question consisted of the increase of the two cows and calves mentioned and those acquired by the son after his said emancipation. Irrespective of the special defense on the part of appellants, these were facts essential in the proof of appellee's case, and the burden was upon him to establish such facts.

As it appears in the record, the gift of 1881 was not by deed or will, nor was there an actual delivery of the calf constituting the subject matter of the gift to the infant son or to anyone for him. In fact no change of possession seems to have taken place, nor was the brand recorded or other act evidencing the intent of W. T. Hudson to vest in his infant son the title to the said calf done, save that of branding the calf. The law in force in 1881 pertaining to the subject is the same as that found in article 4546, Revised Statutes of 1895, which is as follows:

"No gift of any goods or chattels shall be valid unless by deed or will, duly acknowledged or proven up and recorded, or unless actual possession shall have come to and remained with the donee or some one claiming under him."

The requirement of actual possession was incorporated in the statute of frauds by the Revised Statutes of 1879. See Pasch. Dig., art. 3876; Rev. Stats. 1879, art. 2476. This indicates the exclusion of a symbolical delivery or a constructive possession, and in our judgment, therefore, the mere act of placing a brand upon the heifer calf in 1881, when J. V. Hudson was an infant, was not such delivery as was requisite, under the statute quoted, to constitute a valid gift; particularly in view of other statutes providing for the record of marks and brands, and that no unrecorded brand "shall be recognized in law as any evidence of ownership of cattle, horses, or mules upon which the same may be used." Rev.

Stats, art. 4930. This conclusion is not believed to be in conflict with the case of Hillebrant v. Brewer, 6 Texas, 45.

It follows that the calf so branded in 1881 and the increase thereof, remained the property of W. T. Hudson. That no debt due the son existed in 1891, and that the then attempted investiture of title in J. V. Hudson to two cows and calves, irrespective of W. T. Hudson's intent, constituted in legal effect but a gift inhibited by article 4546 of the statutes; W. T. Hudson being then concededly insolvent, and appellant Randolph then being his judgment creditor for a large sum. Hence, to the extent at least of the increase thereof, the cattle in controversy were subject to appellant Randolph's levy and sale. Also, as J. V. Hudson was a minor living with his father W. T. Hudson, the property, if any, acquired by his labor was apparently that of W. T. Hudson, and the burden was on the latter to show that emancipation had taken place under circumstances changing the general rule, and appellants were only required to rebut this issue by showing that the emancipation was not real, but only a pretext to cover up the property acquired by the minor from the claims of W. T. Hudson's creditors.

We also add that there was error, as assigned, in the judgment against appellants P. B. Ward and C. W. Mertz. They were liable, if at all, as sureties only upon the replevy bond given by Randolph after the cattle had been sequestered by appellee. The sequestration proceedings having been duly quashed, the sureties on the replevy bond must be held to have been discharged. Mitchell v. Bloom, 91 Texas, 634.

Error is assigned also to the court's charge in that the jury were instructed that "fraud is never presumed," and that "the fact that the minor continued to live with his parent would not prevent emancipation." The charge in these particulars is perhaps subject to the objection that it is upon the weight of the testimony as inhibited by statute, but as these objections will probably not arise on another trial we forbear discussion.

For the errors indicated, the judgment is reversed and cause remanded.

*Reversed and remanded.*

HUNTER, Associate Justice, being disqualified, did not sit in this case.