*F. E. Dunbar & G. H. Spalding*, for Anna E. Fay.

*A. M. Lyon*, for Mary A. Gallant, guardian.

---

Anna M. Coolidge, administratrix with the will annexed, *vs.* Henry F. Knight, administrator *de bonis non* with the will annexed.

Henry F. Knight, administrator as above, *vs.* Anna M. Coolidge, administratrix as above.

Middlesex.    December 10, 11, 1906. — March 1, 1907.

Present: Knowlton, C. J., Hammond, Loring, Braley, & Sheldon, JJ.

*Gift.    Trust.    Savings Bank.*

One having deposits in more than fourteen savings banks caused seven of them to be transferred to himself in trust for certain persons respectively named as beneficiaries and in most of the cases executed an assignment in writing to himself as trustee for the beneficiary named. He kept all of the bank books representing these deposits in his own possession while he lived and drew out the in-

terest for his own use. When he died these books were found in his trunk among his other effects. During his lifetime he made oral statements tending to show that at his death he intended the books to go to the persons respectively named in them as beneficiaries. He had transferred to another person seven other savings bank accounts, in each case delivering the bank book and never having it again in his possession or drawing anything from the account. *Held,* that these facts warranted a finding that there was no perfected gift of any of the accounts represented by the bank books retained by the deceased, and that no trust was created, so that the title to these accounts remained in the deceased at the time of his death.

TWO APPEALS by Henry F. Knight, administrator *de bonis non* with the will annexed of the estate of Thomas Livermore, late of Watertown, from two decrees of the Probate Court for the county of Middlesex, one from the allowance of the account of the administration of that estate by Emma L. Magee, executrix of the will of Thomas Livermore, filed after the death of Emma L. Magee, by Anna M. Coolidge, administratrix with the will annexed of her estate, and the other from the order of the Probate Court denying a petition by Knight, as such administrator, against Anna M. Coolidge, as such administratrix, that she be ordered to retain the assets of the estate of Emma L. Magee to satisfy his claim.

The case was heard by *Loring,* J. It was agreed by the parties that the only question that should be raised in either of the cases as involved in the appeals was whether any or all of the savings bank books enumerated below, or the proceeds thereof, or the moneys represented thereby, were assets of the estate of Thomas Livermore, or whether any or all of them were the property of the various beneficiaries named in such savings bank books. If any or all of them were at the time of the decease of Thomas Livermore assets of his estate, then Anna M. Coolidge, administratrix of the estate of Emma L. Magee, as such administratrix, was to be charged in her account for each of the savings bank books or the proceeds thereof with accrued interest, or the funds represented thereby, so far as each of them should be so found to be assets, but that she should be required to pay over to the petitioner, Henry F. Knight, administrator, only so much of the amount for which he was so charged as should be sufficient to pay a legacy of 00, mentioned in the second clause of the will of Thomas Livermore, and such sum as might be necessary to cover the debts expenses of adminis-

tration of his estate, including the administrator's compensation and such compensation as the Probate Court might allow for him and his attorney in this and other matters, provided that the administrator should receive a release or discharge from the estate of Martha Magee of any liability under the residuary clause of the will of Thomas Livermore.

The savings banks books in question were as follows:

No. 20408.   Warren Institution for Savings standing in the name of Thomas Livermore in trust for Mary E. Bond.

No. 8036.   Newton Savings Bank standing in the name of Thomas Livermore in trust for Mary L. Adams.

No. 10203.   Waltham Savings Bank standing in the name of Thomas Livermore in trust for Maria Coolidge.

No. 2179.   Watertown Savings Bank standing in the name of Thomas Livermore in trust for Anna M. Barnes.

No. 30305.   Charlestown Five Cents Savings Bank standing in the name of Thomas Livermore in trust for Martha Magee.

No. 7646.   Boston Penny Savings Bank standing in the name of Thomas Livermore in trust for Martha Magee.

No. 183010.   Boston Five Cents Savings Bank standing in the name of Thomas Livermore in trust for Martha Magee.

Each of these accounts originally stood in the name of Thomas Livermore.   He caused them to be transferred to himself as trustee for the several persons named as beneficiaries, and in most of the cases executed an assignment in writing to himself as trustee for the person named as beneficiary.   Thomas Livermore had accounts in savings banks other than the seven mentioned above.   Seven of these other accounts he transferred to Alice M. Farnham, at whose house he lived during the ten years next preceding his death, in each case delivering the bank book to her and never having it again in his possession or drawing anything from the account.

Thomas Livermore never was married, and always lived in Watertown.   He was a mechanic, and the property he acquired was from his earnings a mechanic and from his savings, except a legacy of $1,000 from his brother William Livermore.   He was not an educated man so far as known did not keep any regular books of account.   He gave up work at the age of seventy and after that lived on his savings.   He died on September 18,

1903, when more than eighty-five years of age. He left a will, executed on July 18, 1898, which was proved in the Probate Court for the county of Middlesex, and Emma L. Magee was appointed executrix of the will. The first, second and third clauses of the will were as follows:

" 1st. I give and bequeath to my brother William Livermore the sum of five dollars, as he has ample means of his own, and does not require anything from me.

" 2nd. I give and bequeath to my sister, a widow, Catharine Webster of Wellesley, Mass., the sum of five thousand dollars to her sole use, and behoof forever.

" 3rd. The balance of my estate, both real and personal of which I may be possessed at the time of my decease, whether the same shall be in Savings Banks, cash on hand or in notes of any person or persons I give, bequeath and devise to my beloved sister Martha Magee, wife of James W. Magee of Watertown, Mass., to her sole use and behoof forever. She may possess and enjoy the whole principal and interest as to her may seem best, and she shall not be responsible to any other person whomsoever for the same. But if the said Martha Magee shall die, before my decease, then the sum that will become hers, under this will, shall revert to her daughter Emma Magee to her sole use. And I, appoint the aforesaid Emma Magee of Watertown the Executrix of this my will and she shall not be required to give sureties on her official bond."

The justice made certain findings which are stated and referred to in the opinion, and made a final decree declaring that the seven savings bank books described above and the accounts and moneys represented thereby were assets of the estate of Thomas Livermore, and that Emma L. Magee as executrix of the will of Thomas Livermore was chargeable with the amount of those accounts, and ordering that Anna M. Coolidge, administratrix with the will annexed of the estate of Emma L. Magee, should account to Henry F. Knight, administrator *de bonis non* with the will annexed of the estate of Thomas Livermore, for such bank books and accounts or the value thereof, and that Knight, administrator as aforesaid, should recover his costs. Anna M. Coolidge, administratrix with the will annexed of the estate of Emma L. Magee, executrix, appealed.

W. A. Abbott, for Anna M. Coolidge.

B. N. Johnson, for Henry F. Knight.

HAMMOND, J. Under the stipulation of the parties, the sole question left for our consideration is whether Thomas Livermore, to whom the seven savings bank accounts in controversy originally belonged, made during his lifetime a perfected gift of them, or any of them, to the respective beneficiaries. The case was heard, upon evidence largely oral, by a single justice of this court.

All of the bank books were kept by Livermore while he lived, and after his decease they were found in his trunk among his other effects. He treated the accounts as belonging to him. As to his intention the justice found that even "where the alleged beneficiary was notified, there was no intention on the part of Thomas Livermore to hold the several books in trust for himself for life and subject thereto in trust for the several beneficiaries. On the contrary I find as a fact that it was his intention to keep the full control of the several books in question during his life, and to give the books to the several beneficiaries on his death. In other words, that the case does not come within the class of cases of which *Gerrish* v. *New Bedford Institution for Savings*, 128 Mass. 159, would be one if the evidence there held to be admissible was believed, but to the class of cases of which *Nutt* v. *Morse*, 142 Mass. 1, is an example." This finding must stand unless it appears to be clearly wrong. But it is not necessary to invoke in this case that principle of practice. We have carefully examined the evidence and are satisfied that the finding was clearly right.

The interest on these various accounts was added every six months to the principal by the respective banks, and it appeared that for years after the alleged gifts and up to the time of his death, Livermore in every account drew out, on the day on which the interest was thus added, or within a very few days thereafter, a sum equal to the amount of the interest. He went to the banks and drew out this interest in person, except the last year before his death, in which year he from time to time gave an order to Mrs. Farnham with whom he boarded, and she went to the bank and drew the money for him. As a rule he receipted for the money in his own individual name, and with one or two

exceptions signed the orders in the same way. With the exception of the account in the Boston Five Cents Savings Bank it is not shown that he ever receipted in any other way. In one or two instances Mrs. Farnham added the word " trustee " or its abbreviation " Tr." to his name upon an order, but that was at the suggestion of the bank after her arrival there, and it does not appear that he ever knew it; and in one or two cases, at least in one instance, the word " Tr." appears after his name, but in a different ink and a handwriting differing from that of the body of the signature. In a word, he kept the books and in all ways seems to have treated the accounts as if they belonged to him.

It is argued, however, in behalf of the accountant that although he made a perfect gift of the principal, still it was with the reservation of the income during his life. But one of the troubles with that view of the transactions is that in the case of several of the accounts the written assignment was of the interest as well as the principal, and in none is there expressed any such reservation. The assignment of the account in the Warren Institution for Savings, for instance, is of the deposit book " together with all moneys due thereon, both principal and interest." The order to the Newton Savings Bank is to pay to Mrs. Adams " all moneys that have been or may be deposited, together with the interest that may become due on " the account. While it is true that Mrs. Bond-Foote testified that at the time Livermore exhibited the books in the presence of herself, her mother and her sister Emma, he said that he should take the interest as long as he lived but when he was gone the books should respectively belong to them, still, in view of the whole circumstances disclosed we must regard the whole language uttered by him on that occasion as indicating not an intention on his part to make a then present gift of the principal so as to pass it irrevocably out of his hands, but as indicating what he supposed would happen after his title to the principal had ceased by his death. And in calling a book " Maria's book," we understand that he meant not that the book then actually belonged to her, but simply that upon his death he intended that it should go to her. In all this we find no then present gift of any part of the account represented by the books.

Livermore apparently was not unacquainted with the manner in which a gift of a book account could be properly made. When he had concluded to give an account to Mrs. Farnham he proceeded in a proper way and made an effectual gift. It is unprofitable to rehearse the evidence further.

In view of the facts that the books were kept in his possession, that he treated the accounts as his own and under his control until his death, that he knew how to make a perfected gift when his object was to pass the title from him in his lifetime (as shown in his gift to Mrs. Farnham), and of the other material circumstances, we are of opinion that the finding of the single justice was correct, and that it was not Livermore's intention to pass the title either to the principal or the interest of any of these accounts during his lifetime. There was therefore no perfected gift. The title remained in him at the time of his death. *Nutt* v. *Morse,* 142 Mass. 1. *Bailey* v. *New Bedford Institution for Savings,* 192 Mass. 564, and cases there cited.

*Decree affirmed.*