## W. L. ELDRIDGE v. MINNIE McDOW ET AL.

### Decided May 3, 1907.

**1.—Bill of Sale—Construction—Charge.**

In a suit for the possession of certain cattle the defendant claimed under a bill of sale which, after describing certain stock specifically, contained the following language: "all other livestock which I own in C. and W. Counties," and "This is intended to include all personal property of whatever description which I now possess." The cattle in controversy were on the range in W. County at the time of the execution of the bill of sale. Held, the title to the cattle passed to the defendant by the terms of the bill of sale if they were the property of the vendor, and it was error to submit to the jury the question of the intention of the parties.

**2.—Parol Gift—Void.**

Under the provisions of article 2546, Revised Statutes, a parol gift of cattle without change of possession is void as against an innocent purchaser from the donor.

Appeal from the County Court of Wharton County. Tried below before Hon. G. S. Gordon.

*G. G. Kelley,* for appellant.

No brief for appellee.

REESE, ASSOCIATE JUSTICE.—This suit was brought in the County Court by W. G. McDow as next friend of the minor, Minnie McDow, against W. T. Eldridge and Frank Burford to recover seventeen head of cattle, or their value. A writ of sequestration was sued out under which the cattle were seized. Defendants having failed to

replevy plaintiff gave replevy bond and the cattle were delivered to him. Burford disclaimed and was dismissed. Upon trial with a jury there was a verdict for plaintiff, and from the judgment defendant prosecutes this appeal.

Minnie McDow claims the cattle by virtue of an alleged parol gift to her by her uncle, W. G. McDow, in 1898, of two cows and two heifers. These and their increase constitute the cattle in controversy.

Defendant Eldridge claims them by virtue of a certain bill of sale executed to him in 1904 by W. G. McDow and A. M. McDow. The cattle in controversy are branded TX on the side and T on the hip, which was W. G. McDow's brand. The bill of sale, after describing certain cattle, horses, mules, etc., branded OX, conveys "all other live stock which I own in Colorado and Wharton counties," and concludes with the statement, "This is intended to include all personal property of whatever description which I now possess." The cattle in controversy at the date of the execution of the bill of sale were on the range in Wharton county.

The cattle passed to appellant by the terms of the bill of sale if they were, at the time, the property of W. G. McDow, and whether they were or not, depends upon whether they became the property of appellee Minnie McDow by the verbal gift.

The court charged the jury to find for the plaintiff if they believed that the cattle belonged to Minnie McDow at the time of the sale to Eldridge by W. G. McDow. They were further charged to find for defendant if the cattle at that time were the property of W. G. McDow, provided they further found that it was the intention of McDow to convey the particular cattle sued for, and of Eldridge to buy them.

The latter portion of this charge should not have been given. If the cattle belonged to W. G. McDow at the time of the sale to Eldridge, under the evidence presented by the record, they unquestionably passed to Eldridge by the terms of the bill of sale. Such is the clear import of this instrument, and there are neither pleadings nor evidence to indicate that it did not express the intention of the parties.

Appellants requested the court to charge the jury that if they found that W. G. McDow gave the cattle in controversy to his niece, Minnie McDow, by parol gift, and that there was no delivery, either actual or constructive, of said cattle by said McDow to Minnie McDow, and the same remained in the possession of W. G. McDow and were in his possession at the time of the sale to Eldridge and he had no notice of the parol gift, to find for defendant. This charge should have been given. Article 2546 Rev. Stats., is as follows: "No gift of any goods or chattels shall be valid unless by deed or will, duly acknowledged or proven up and recorded, or unless actual possession shall have come to and remained with the donee or some one claiming under him."

The parol gift was void unless actual possession of the property "came to and remained with the donee." Love v. Hudson, 24 Texas Civ. App., 378. The evidence fails to show delivery of possession,

or possession of any character, either actual or constructive, in appellee. The donee did not live with the donor. The original cattle were branded in the brand of the donor and the increase were continued in the same brand, and in the possession of the donor on the range with other cattle belonging to him and his brother.

The judgment is reversed and the cause remanded for further proceedings in accordance with this opinion.

*Reversed and remanded.*