SPAULDING MFG. CO. v. ALLEN.
(No. 5741.)

(Court of Civil Appeals of Texas. Austin.
Feb. 21, 1917. Rehearing Denied
March 14, 1917.)

FRAUDULENT CONVEYANCES ⊜138 — ORAL GIFT—NECESSITY OF POSSESSION.

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 3968, providing that no gift of any goods or chattels shall be valid unless by deed or will duly acknowledged or proved and recorded, or unless actual possession shall have been given to and retained by the donee or some one claiming under him, an alleged oral gift of a mule, not executed by actual possession, is void as against creditors (citing Words and Phrases, First and Second Series, "Gift;" "Gift Causa Mortis;" "Gift Inter Vivos").

[Ed. Note.—For other cases, see Fraudulent Conveyances, Cent. Dig. §§ 438, 443, 448–452.]

Appeal from Coleman County Court; W. Marcus Weatherred, Judge.

Action by the Spaulding Manufacturing Company against G. W. Allen. Judgment for defendant and plaintiff appeals. Reversed and remanded.

Critz & Woodward, of Coleman, for appellant. J. K. Baker, of Coleman, for appellee.

RICE, J. On April 28, 1913, appellants recovered judgment in the justice of the peace court in Tarrant county against W. J. Allen for $176.85, and costs of suit, upon which they caused an execution to issue on January 6, 1916, and to be levied by the sheriff of Coleman county on a certain mule as the property of said Allen, which was thereafter duly advertised for sale thereunder; whereupon appellee, his minor son, claimed said mule as his own, making and tendering to said officer the statutory claimant's oath and bond for the trial of the right of property therein, which was returned to the justice's court, where a trial was had, resulting in favor of appellant, and the case was thereafter appealed to the county court.

The issue presented for determination by the pleadings was whether the mule was the property of W. J. Allen or of his son, the appellee, appellants alleging that the claim of the son was not made in good faith.

The facts, briefly stated, show that appellee, who is now 16 years of age, is the son of W. J. Allen, with whom he lives; that in 1903 the latter bred a mare of his to a stallion belonging to appellee's grandfather under the

following circumstances: The mare had been bred to a jack, but it seems was not with foal, and the grandfather stated that he could breed the mare to his stallion, provided he would give the colt to George, the appellee, to which he (W. J. Allen) assented; after the colt came he gave it to George, and told him about his grandfather's having given it to him. When the colt was grown it became unruly, and W. J. Allen, the father, traded it for the mule in question. He testified that before doing so, however, he told George about it, who raised no objection to the trade, and that after that time George always asserted ownership to the mule. There is no claim that there was any bill of sale or writing evidencing this transaction, nor that there was ever any actual delivery to the son of either of the animals mentioned, nor that there was any change of possession from the father to the son as to either of them. Both the colt and the mule were kept on the premises of appellee's father and used by him as his own, just as he did his other stock. It was shown that he mortgaged the mule on several occasions—rendered the same for taxes as his own property, and generally exercised acts of ownership over it.

In response to special issues, judgment was rendered in behalf of appellee, from which this appeal is prosecuted. The jury found in answer to special issue No. 1 that the horse was given to G. W. Allen by his father; and also in answer to special issue No. 2 that the mule was given to G. W. Allen by his father.

Appellant urges that the verdict is contrary to and unsupported by the evidence. Our statute (Vernon's Sayles' Ann. Civ. St. 1914) article 3968, reads as follows:

"No gift of any goods or chattels shall be valid, unless by deed or will, duly acknowledged or proven up and recorded, or unless actual possession shall have come to, and remained with, the donee or some one claiming under him."

The alleged gift in this case, not being evidenced by any writing as required by the statute, and there being no actual possession taken thereunder by appellee, it must be held to be void as against creditors. See Berthlett v. Folsom, 21 Tex. 430; Love v. Hudson, 24 Tex. Civ. App. 377, 59 S. W. 1127; Eldridge v. McDow, 46 Tex. Civ. App. 270, 102 S. W. 435; s. c., 132 S. W. 516; Fisk v. Flores, 43 Tex. 340–343; 20 Cyc. 1192, 1193, 1195, 1196; Crawfordsville Trust Co. v. Ramsey, 55 Ind. App. 40, 100 N. E. 1049, 102 N. E. 282; In re Van Alstyne, 207 N. Y. 298, 100 N. E. 802; Millard v. Millard, 221 Ill. 86, 77 N. E. 595; Coolidge v. Knight, 194 Mass. 546, 80 N. E. 620, 120 Am. St. Rep. 573; Harris Banking Co. v. Miller, 190 Mo. 640, 89 S. W. 629, 635, 1 L. R. A. (N. S.) 790; 4 Words and Phrases, First Series, 3092; 2 Words and Phrases, Second Series, 729; 4 Words and Phrases, First Series,

3085 to 3091; 2 Words and Phrases, Second Series, 728 to 730.

In view of another trial it may not be amiss to suggest that possibly the evidence raised an issue as to whether or not the circumstances show a contract on the part of the grandfather with W. J. Allen, whereby the appellee became owner of the colt which was afterwards traded for the mule; and likewise suggest the issue as to whether or not there was a joint gift on the part of the father and grandfather to appellee of the colt in question; and if in either event appellee acquired title to the colt, the query is suggested as to whether or not he became entitled to the mule by reason of the trade therefor on the part of his father. These are matters, however, about which we express no opinion, but merely suggest same for consideration of counsel.

For the error indicated, the judgment is reversed, and the cause remanded.

Reversed and remanded.

JENKINS, J. I concur in the conclusion reached that this case should be reversed, and remanded, but desire to express an opinion as to the law on a phase of this case raised by the evidence, viz.: If there was an agreement between the father of the claimant and his grandfather that in consideration of the grandfather's stallion serving the father's mare, the colt, if any, should be the property of the claimant, this was a valid contract, and upon the colt's being foaled could have been enforced against the father; and if the father recognized such contract when the colt was foaled, it, at the instant of its coming into being, became the property of his son, and was never the property of the father, and consequently article 3698 would have no application. The father in such case, would hold as trustee for the son, both the colt and the mule for which it was traded, if the son ratified the trade, which it appears he did do by his guardian ad litem claiming the mule in this suit.