Frank Thompson et al. v. Mrs. M. J. Caruthers et al.

No. 753.  Decided March 27, 1899.

**1. Note—Trust—Parol Evidence.**

A trust which attaches to a promissory note may be proved by parol evidence. (P. 534.)

**2. Gift to Minors—Revocation.**

Where money was placed in the hands of the parent of minor children as a gift to them no subsequent dealings between the donor and the parent could affect the rights of the minors. (P. 535.)

**3. Trust—Gift—Revocation—Note—Parol Evidence.**

Money intended as a gift to minor grandchildren of the donor was placed by her in the hands of the mother of the minors for them, with the understanding that the donor should receive interest on the amount during her life; and the mother, to carry out such intention, gave to the donor her interest-bearing note for the amount. The donor having died and her heirs suing on the note, the minors intervened, alleging the gift. Held, that parol evidence was admissible to establish a trust in the note in their favor, and that the gift was not revoked nor annulled by the execution of the note. (Pp. 533-535.)

Questions certified from the Court of Civil Appeals for the Fifth District, in an appeal from Grayson County.

*Wolf & Hare,* for appellants.—To constitute a valid gift, the transaction must be such that the donee may maintain an action at law for the thing given as well against the donor as all other persons. As long

as the putative donee holds control and dominion over the thing given, or is in a position to assert his title and ownership to the same, or transfer the title to the thing constituting the subject of the alleged gift, there is in law no gift. Parol evidence is not admissible to vary or alter a contract in writing. In a suit on a written instrument, the parties to such instrument and their privies will not be permitted to nullify, vary, or contradict such writing. Chevallier v. Wilson, 1 Texas, 161; Stewart v. State, 42 Texas, 242; Self v. King, 28 Texas, 552; Dolson v. DeGanahl, 70 Texas, 620; Newton v. Newton, 77 Texas, 508; In re Schiehl's Estate, 36 Atl. Rep., 181; Draper v. Rice, 56 Iowa, 114; Trustees v. Stetson, 5 Pick., 506; West v. Kelly, 54 Am. Dec., 192; Reynolds v. Magness, 2 Iredell (N. C.), 26; 1 Perry on Trusts, sec. 15; 19 Am. and Eng. Enc. of Law, 156; 3 Am. and Eng. Enc. of Law, 863, and notes; Williamson v. Johnson, 62 Vt., 378; Jones v. Weakley, 99 Ala., 441.

*R. L. Caruthers* and *C. L. Vowell*, for interveners.—The rule excluding oral evidence does not apply in cases where the original contract was verbal and entire and a part only of it was reduced to writing. 1 Greenl. on Ev., 14 ed., sec. 284a; 2 Willson C. C., 544; Thomas v. Hammond, 47 Texas, 42; Railway v. Jones, 17 S. W. Rep., 534; Goodson v. Johnson, 35 Texas, 622.

The rule excluding oral evidence is not infringed by the admission of parol testimony showing that the instrument never had any binding force. 1 Grenl. on Ev., 14 ed., sec. 284; Faunce v. Insurance Co., 101 Mass., 279; Sherman v. Wilder, 106 Mass., 537; Wilson v. Hæcker, 85 Ill., 349; Heeter v. Glasgow, 79 Pa. St., 79; Beers v. Beers, 22 Mich., 42; Martin v. Clarke, 8 R. I., 389; Grierson v. Mason, 60 N. Y., 394; Branch v. Howard, 23 S. W. Rep., 478; Rev. Stats., art. 2299, rule 25.

The rule excluding oral evidence is applied only (in suits) between the parties to the instrument. Greenl. on Ev., 14 ed., sec. 279.

A contract reduced to writing may be affected by a verbal trust. Cuney v. Dupree, 21 Texas, 211; Dunham v. Chatham, 21 Texas, 231; Leakey v. Gunter, 25 Texas, 400; Markham v. Carothers, 47 Texas, 21; Eastham v. Roundtree, 56 Texas, 110; Wiseman v. Baylor, 69 Texas, 63.

The interveners are not parties to the instrument; neither are they privies, since they have no interest in any estate created by said instrument, but are claiming adversely to it.

When gift to trustee is complete donor can not revoke it. 8 Am. and Eng. Enc. of Law, pp. 1339, 1340, and authorities cited; 25 S. W. Rep., 1070; 26 S. W. Rep., 384.

If property is delivered to a trustee for the benefit of the donee, the trustee, if he accepts the trust, must execute it, and the cestui que trust has a right of action against him if he does not.

Supplemental authorities under the first certified question. Texas Decisions: Hunter v. Lanius, 18 S. W. Rep., 201; Smith v. Lang, 22 S. W. Rep., 197; Branch v. Howard, 23 S. W. Rep., 478; Bank v.

Turner, 15 S. W. Rep., 710; Bank v. McAnulty, 31 S. W. Rep., 1091. United States Decisions: Michels v. Olmstead, 157 U. S., 198; Burke v. Dulaney, 153 U. S., 228; Finley v. Isett, 154 U. S., 561; McIntosh v. Sumners, Book 16, Fed. Cases, case No. 8827. Elementary Authorities: 2 B. W. Jones on Ev., sec. 507; 1 Rice on Ev., sec. 175a, 178a and b. 179; 4 Am. and Eng. Enc. of Law, 2 ed., 150, note 5, sec. (B), 151, note 3, 152dd, note 5. Decisions in other States: Grierson v. Mason, 60 N. Y., 397; Reynolds v. Robbinson, 110 N. Y., 654; Baird v. Baird, 40 N. E. Rep., 222; Holmes v. Roper, 36 N. E. Rep., 180; Smith v. Rowley, 34 N. Y., 367; Juilliard v Chaffee, 92 N. Y., 529; Atwood v. Gillett, 2 Doug., 206; Scaife v. Byrd, 39 Ark., 568; Rogers v. Bedell, 36 S. W. Rep., 1096; Lyons v. Stills, 37 S. W. Rep., 280; McFarland v. Sikes, 54 Conn., 250; Wilson v. Powers, 131 Mass., 539; Davis v. Ney., 125 Mass., 590; Chace v. Sherman, 119 Mass., 387; Robinson v. Moseley, 9 So. Rep., 372; Cooper v. Hayward, 74 N. W. Rep., 152; Hall v. Knappenberger, 6 S. W. Rep., 381.

Supplemental authorities under the second certified question: Johnson v. Portwood, 89 Texas, 235; Wikersham v. Singer, 29 Fed. Cases, No. 17,610; Rice on Ev., sec. 181. Decisions in other States: Coleman v. Bank, 53 N. Y., 388; Manufacturing Co. v. Insurance Co., 88 N. Y., 599; Sprague v. Hosmer, 82 N. Y., 467. Parties on the same side of the contract are not bound by it: Smith v. Moynihan, 44 Cal., 53; Berry v. Ransom, 12 N. Y., 464; 10 Johns. (N. Y.), 230. As to who are privies: 4 Am. and Eng. Decs. in Eq., 358, 361.

Supplemental authorities under third certified question: Griffin v. Stadler, 35 Texas, 695; Herndon v. Reed, 82 Texas, 652; Thompson v. Thompson, 12 Texas, 327; Jackson v. Harby, 70 Texas, 410; Neyland v. Bendy, 69 Texas, 711. Federal decisions: Timayenis v. Insurance Co., 21 Fed. Rep., 223; Miller v. Clark, 40 Fed. Rep., 15; Hill v. Stevenson, 63 Me., 364; Straughan v. Tucker, 26 S. W. Rep., 384; In re Carpenter, 131 N. Y., 86; Gilman v. McArdle, 99 N. Y., 451; Gardner v. Merritt, 32 Md., 78; Kerrigan v. Rantigan, 43 Conn., 17; Devol v. Dye, 123 Ind., 322.

For general principles in support of the judgment reference is made to 2 Pomeroy Eq. Jur., sec. 997, 998, 1008, 1009, and notes. Analogous cases: Minchin v. Merrill, 2 Edw. Ch., 333; Beals v. Crowley, 59 Cal., 665.

There is not a possibility of his being twice called upon for the sum in dispute. McCullough v. Girald, 16 Fed. Cases, No. 8737.

A trust is irrevocable. 1 Perry on Trust, secs. 77, 82, note 2, 86, 95-98.

Whether a trust is completely created or not is always a question of fact. 1 Perry on Trusts, sec. 99.

BROWN, Associate Justice.—The Court of Civil Appeals for the Fifth Supreme Judicial District has certified to this court the following statement and questions:

"Appellants, as heirs of Martha J. Thompson, deceased, instituted this suit in the District Court of Grayson County to recover of the appellee, M. J. Caruthers, the amount of a certain promissory note reading as follows: 'Sherman, Texas, December 20, 1893.—On December 20, 1894, after date, I promise to pay to the order of Martha J. Thompson twelve hundred dollars ($1200), with 10 per cent interest from date.' (Signed) 'M. J. Caruthers.'

"Edna E. Vowell, joined by her husband, C. L. Vowell, and R. L. Caruthers, by next friend, C. L. Vowell, obtained leave of the court and intervened, admitting the heirship of appellants to M. J. Thompson, the execution and delivery of the note to her by M. J. Caruthers, and further alleged that Edna E. Vowell, née Edna E. Caruthers, and R. L. Caruthers, were also heirs at law of the said M. J. Thompson, deceased, they being the children of Sam Caruthers, deceased, who was a son of M. J. Thompson by her marriage with one Caruthers, deceased, prior to the marriage of M. J. Thompson with James Thompson, deceased.

"Interveners alleged a gift of the money for which the note was given to them by Mrs. M. J. Thompson, and prayed for a judgment for the same.

"The appellee, Mrs. Caruthers, answered, admitting that it was true that she executed and delivered to Martha J. Thompson the note sued on. She further answered that she had no interest in the subject matter of the suit, and was ready and willing to pay the amount due on the note sued on to whomsoever the court might direct, and she prayed to be directed as to whom she should pay said note.

"The following are the facts as shown by the record: Mrs. M. J. Thompson was married twice, first to one Caruthers, and afterwards to James Thompson. By her marriage to Caruthers she had one child, named Sam Caruthers, who was the husband of Mrs. M. J. Caruthers and the father of the interveners, R. L. Caruthers and Edna E. Vowell. The plaintiffs are children of Mrs. Thompson by her marriage to Judge Thompson. In 1891 Mrs. Thompson had some litigation in the courts in Grayson County. She stated that if she recovered any money in these suits she intended to give it to Bob and Edna, meaning the interveners, because it came from their grandfather, and since they had had no part in the partition of the estate of Judge Thompson, she thought they were entitled to an equal part; that it was a just debt and that they should have the money. When the litigation was decided she received $1600, and gave to Mrs. M. J. Caruthers $1200 for the interveners, R. L. Caruthers and Edna E. Vowell. She stated that she wanted the interest on this money during her lifetime. Thereupon Mrs. M. J. Caruthers suggested to Mrs. Thompson that she, the said Mrs. Caruthers, had better give her some written evidence to show how much money she had received for said interveners and how much interest she, the said Mrs. Caruthers, should pay Mrs. Thompson; and thereupon the note herein sued upon was executed.

"Mrs. M. J. Caruthers is the mother of the interveners, who were minors at the time the money was received by Mrs. Caruthers. Interveners knew about the transaction and expected to receive the money. The note was originally dated in 1891 and due one year after date, but in 1893 it was changed to be due in 1894. Mrs. Caruthers paid to Mrs. Thompson the interest twice on the note.

"The above facts were shown by parol evidence. The only written evidence introduced was the note sued on. There was a trial with the aid of a jury, which resulted in a verdict and judgment in favor of the interveners.

"Question 1. Does the rule that parol evidence is not admissible to vary or contradict the terms of a written instrument apply so as to render inadmissible parol evidence in support of the interveners' claim of a parol gift made to them by their grandmother, Mrs. M. J. Thompson, through their mother, Mrs. M. J. Caruthers, as trustee, under the conditions above indicated? In other words, does parol evidence of the alleged parol gift violate said rule of evidence under the circumstances herein above set out?

"Question 2. The interveners not being parties to the note, can the rule prohibiting parol evidence to vary or contradict the terms of written instruments be properly invoked against parol evidence tending to establish the parol gift as alleged?

"Question 3. Did the execution of the note by Mrs. Caruthers to Mrs. Thompson for the money delivered to Mrs. Caruthers by Mrs. Thompson, which is claimed to be a parol gift to interveners, have the legal effect to revoke and annul such parol gift?"

Answer to the first question. Parol evidence was admissible to show that the note sued upon was charged with a trust in favor of the interveners. Barnes v. Trafton, 80 Va., 524; Northrop v. Hale, 72 Me., 275; Gerrish v. Institution for Savings, 128 Mass., 159; Chace v. Chapin, 130 Mass., 128.

The case of Barnes v. Trafton, above cited, involved substantially the following state of facts: Mrs. Barnes, formerly Mrs. Trafton, was indebted to her minor children by her former husband before her second marriage, after which Mr. Barnes, the second husband, became the guardian of the estates of the minor children. There was a debt existing against the estates of the minors that was afterwards paid off by William A. Barnes, the stepfather and guardian. In making a settlement of his accounts Barnes charged the minors with the debt so paid by him, and it was contended that he should not be allowed the credit for the reason that Mrs. Barnes, joined by her husband, had sold a tract of land which was her separate property and had caused a note for the purchase money to be made payable to William A. Barnes, upon the understanding and agreement that he should collect the money and pay the debt which existed against the estates of her two children. He collected the money upon the note, but claimed that he was not bound to account for it, and upon that contention, the court said: "For

William A. Barnes it is contended, that his wife having joined with him in the sale and conveyance of this land, and the bonds having been taken payable to him, the proceeds became absolutely his. He can not, as between the parties here in interest, thus evade his trust. It is true, if Mrs. Barnes had thus unguardedly parted with her land, and the bonds for the purchase money, taken as they were, had passed in good faith into the hands of innocent bona fide third parties, the case would have been different; but there is no such claim of any such party, and the decree in disallowing the charges by this guardian against his ward, for payments on the Grundy debt, out of the proceeds of the North Carolina land, is eminently proper."

The contention in that case was the same as in this, that the note being made payable to Barnes vested the right to collect the money in him, and that he could not be made liable therefor as trustee. We can see no reason why a trust which attaches to a promissory note may not as well be proved by parol evidence as if it were a deed conveying the title to real estate. We think it would not be controverted that if Mrs. Thompson had conveyed to Mrs. Caruthers a tract of land upon the agreement that it was to be held by her in trust for her children, and if Mrs. Caruthers had reconveyed to Mrs. Thompson the same land upon the agreement that she was to receive the rents from it during her life, but to hold the title in trust for the minors, parol evidence would be admissible to establish the trust relation between Mrs. Thompson and her grandchildren.

It is unnecessary to answer the second question in view of the foregoing answer to the first question.

Answer to the third question. The right to the money having once vested in the minors, Edna and R. L. Caruthers, by a gift from their grandmother, Mrs. Thompson, no subsequent dealings between Mrs. Thompson, the donor, and their mother, Mrs. Caruthers, the trustee, could in any manner affect the rights of the minor children.