RECTOR et al. v. CONTINENTAL BANK & TRUST CO. (No. 849.)

(Court of Civil Appeals of Texas. Amarillo. Nov. 20, 1915.)

1. APPEAL AND ERROR ⬤⟿745—BRIEFS—ASSIGNMENTS OF ERROR—FAILURE TO FILE BELOW—STATUTE.

Under Rev. St. 1911, art. 1612, providing that the appellant shall in all cases file with the clerk of the court below all assignments of error before he takes the transcript of record, from the clerk's office, and rule 23 for the Courts of Civil Appeals (142 S. W. xii), providing that the record should contain assignments of error as required by statute, and, if it does not, the court will not consider any error but one of law apparent upon the record, where an assignment of error was not filed in the lower court and brought up in the transcript, the Court of Civil Appeals would strike and not consider it.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3039, 3042; Dec. Dig. ⬤⟿ 745.]

2. APPEAL AND ERROR ⬤⟿756 — BRIEFS — ASSIGNMENTS OF ERROR—NUMBERING—STATUTE.

Under Rev. St. 1911, art. 1612, providing that the appellant shall in all cases file with the clerk of the court below all assignments of error before he takes the transcript of record from the clerk's office, and rule 29 for Courts of Civil Appeals (142 S. W. xii), providing that the assignments as presented in the brief shall be numbered from first to last in consecutive order, but that the order in which they appear in the original assignments may be disregarded, where the fifth paragraph of appellant's motion for new trial was divided into subheads, and subhead No. 1 was assignment No. 2 in his

brief, subhead No. 2 was assignment No. 3, etc., appellant's disregard in his brief of the numbering of his subheads of the motion for new trial, making each subhead of paragraph 5 a separate assignment of error, was a substantial compliance with the rule of the court and statute.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3091; Dec. Dig. ⬤⟿756.]

3. GIFTS ⬤⟿18—INTER VIVOS.

Under Rev. St. 1911, art. 3968, providing that no gift of chattels, not by deed or will, shall be valid unless the donee secures actual possession, where a father gave his minor daughter by parol a mare, there being no delivery of the animal which ran at large on the range, property therein did not pass to the daughter, and the mare's increase did not belong to her.

[Ed. Note.—For other cases, see Gifts, Cent. Dig. §§ 29–33; Dec. Dig. ⬤⟿18.]

4. GIFTS ⬤⟿30 — INTER VIVOS — DELIVERY — STATUTE.

Under Rev. St. 1911, art. 3968, providing that no gift of chattels not by deed or will shall be valid unless the donee secures actual possession, where a father by parol gave live stock to his minor children, there being no delivery, and thereafter such stock was sold and part of the money deposited in bank in the name of one child, subject to his check, and the rest given to the other child, such money passed to the children by gift inter vivos, irrevocable on account of the actual delivery, and live stock purchased by the children with the money, together with its increase, belonged to them by purchase and not by gift, since money deposited in bank in the name of the donee, and delivery of the passbook or the like, constitutes a valid gift, and were not subject to execution by the father.

[Ed. Note.—For other cases, see Gifts, Cent. Dig. §§ 52–57; Dec. Dig. ⬤⟿30.]

5. FRAUDULENT CONVEYANCES ⬤⟿96— GIFT BY INSOLVENT DEBTOR—STATUTE.

Under Rev. St. 1911, art. 3967, providing that every gift made by a debtor not upon valuable consideration shall be void as to prior creditors unless the debtor at the time of the gift was solvent, where a father gave money to his children, the proceeds of the sale of his live stock, and was not possessed of money to pay his debts, such attempted gift was void as to an existing creditor.

[Ed. Note.—For other cases, see Fraudulent Conveyances, Cent. Dig. §§ 289–322; Dec. Dig. ⬤⟿96.]

Appeal from Fisher County Court; M. A. Hopson, Judge.

Suit by Terrell Rector and others, by E. R. Rector, next friend, against the Continental Bank & Trust Company. Judgment for defendant, and E. R. Rector appeals. Reversed and remanded.

J. C. Randel, of Hamlin, for appellant. J. D. Barker and L. H. McCrea, both of Roby, for appellee.

HUFF, C. J. The appellee has filed its motion to be considered with its brief, urging that this court should strike out and not consider the assignments of error presented by the appellants.

[1] The first assignment of error so presented was not filed in the lower court and brought up in the transcript.

"The appellant * * * shall in all cases file with the clerk of the court below all assignments of error, * * * before he takes

the transcript * * * record from the clerk's office." Art. 1612, R. C. S.

The motion of appellee as to this assignment must be sustained. Rules 23 and 29 for Courts of Civil Appeals (142 S. W. xii); Overton v. Colored Knights of Pythias, 163 S. W. 1053.

[2] The appellee objects to the consideration of the second, third, and fourth assignments, for the reason that the assignments briefed are not the assignments filed in the court below and brought up in the transcript. In paragraph 5 of appellant's motion for new trial, the appellants set up therein the grounds assigned by assignments Nos. 2, 3, and 4, and copied in the brief. The fifth paragraph of the motion for new trial is subdivided into subheads, Nos. 1, 2, and 3. Subhead No. 1 is assignment No. 2 in the brief, subhead No. 2 is assignment No. 3 in the brief, and subhead No. 3 is assignment No. 4 in the brief, and are literally quoted in the assignments. The assignments in the brief "is not required that they shall be presented in the order in which they appear in the original assignments of error filed in the office of the clerk of the trial court, and the numbers of such original assignments may be disregarded." Rule 29 for Courts of Civil Appeals. In briefing appellants have simply disregarded the numbering, making each subhead of paragraph 5 of the motion a separate assignment. This we believe to be a substantial compliance with the statute and rules. The motion to disregard the brief and the last three assignments so briefed will be overruled.

This is a suit for the trial of the rights of property. Terrell Rector, Mabel Rector, and Effie Rector, by their next friend and natural guardian, E. R. Rector, presented their claimant's oath and bond for certain horses, mules, and cattle levied on by the sheriff of Fisher county, as the property of E. R. Rector, by virtue of an execution issued out of the district court of Tarrant county, November 23, 1914, in cause No. 37316, Continental State Bank of Ft. Worth v. E. R. Rector. Issues were made up under the direction of the trial court and upon a trial before the court, without a jury, resulted in a judgment for the appellee bank, for the value of the property levied on, $365, with interest from the 30th day of December, 1914, with 6 per cent. interest thereon per annum, and 10 per cent. of the value of the property under the statute, $36.50, against the claimants and the sureties on the claimants' bond. The case is here without a statement of facts, upon the issues presented and upon the findings of the trial court filed in the trial court.

The trial court finds that the execution was levied on the following property: "One Jersey cow, branded T left hip; one Jersey steer yearling; 1 brown Jersey, four years old, branded R on hip; one bay bald-face saddle horse; 1 brown Jersey cow; one brown mare; one bay mare mule"—and that this is the same property claimed by the claimants in this suit.

The court further finds that the claimants are the children of E. R. Rector. Effie is 14 years old; Mabel 11, and Terrell 10 years old, respectively, all living with their parents, and maintained and supported by them, and not emancipated. That E. R. Rector is insolvent, and had been in failing circumstances since 1907.

"I further find that all of said property claimed by claimants is the direct result of a gift from E. R. Rector to said children and shown to have occurred as follows: That in the summer of 1909, the said E. R. Rector give to his son a horse, and in the summer of 1912 thereafter said father and son sold said horse for $65.00 and said father (E. R. Rector) deposited the money in the First State Bank of Hamlin, Texas, in the name of Terrell Rector; that within a few weeks the son Terrell Rector gave his check on said bank and signed his own name, Terrell Rector, to said check for $35, to one N. E. Porter; said check being cashed in payment for said one Jersey cow branded T, at that time only a calf, same cow as shown in sheriff's returns, and its mother which is now dead; that the Jersey yearling levied upon in this cause is the calf of the above Jersey cow branded T, and claimed by Terrell as the increase of cow purchased; that the brown Jersey cow, branded R on hip, and levied upon, was paid for by a check on the above account, with said bank about two years ago, given upon the above said bank, signed by Terrell Rector, and cashed by one Ed Beck in payment of same; that the said brown Jersey cow two or three years old, and levied upon, was obtained by swapping one calf of the above said cow branded R and purchased from Ed Beck, for this one; that about eight years ago, E. R. Rector gave to Mabel Rector one roan mare, and that within a few months said E. R. Rector and Mabel sold this mare, and after Mabel Rector received the money for said animal, she purchased with this money one sorrel mare which is the mother of the mare mule, levied upon as aforesaid, and has been claimed by Mabel Rector all its life; that the bay bald-face horse claimed by Mabel, and levied upon in this cause, was the colt of the sorrel mare purchased by Mabel with money as aforesaid; that the bay or brown mare, levied upon, and claimed by Effie Rector, and about four or five years old, is a colt of a mare named Crickett, the said Crickett mare being given to Effie by E. R. Rector about seven years ago; that the above seven head of stock is all the stock levied upon in said suit, but that there was a levy made upon a house and lot in block 23 of the town of Royston, Fisher county, Texas, and so shown in the sheriff's return. That said E. R. Rector does not claim the house and lot. I further find, as a matter of fact, that none of the stock except the T cow was branded for said children, and that no brand was ever placed of record, and that said property has run at large on the range, and that no delivery, other than mentioned above, was ever made of said property from E. R. Rector to said claimants. And that all of said gifts by E. R. Rector to said minors were verbal gifts. I further find that all of said seven head of stock, except two head, is younger than five years of age. And some from one year old to five."

The second assignment is to the effect that the court erred in rendering judgment in favor of appellee for the mule and bald-face horse claimed by Mabel Rector.

The third assignment is that the court erred in holding that the four head of cattle

claimed by Terrell Rector was subject to his father's debts.

The fourth assignment is the court erred in holding the mare claimed by Effie Rector was subject to the father's debts.

The appellee in this case relies upon the statute that:

"No gift of any goods or chattels shall be valid unless by deed or will, duly acknowledged or proven up or recorded, or unless actual possession shall come to and remain with the agent or some one claiming under him." Art. 3968, R. C. S.

[3] As to the mare claimed by Effie, we think there can be no doubt as to the correctness of the court's findings; there was no such possession which came to and remained with her as will constitute a gift under the statute, and the decisions of the courts of this state thereunder. We believe under his findings the court was correct in holding this animal subject to the execution. Eldridge v. McDow, 46 Tex. Civ. App. 270, 102 S. W. 435; Love v. Hudson, 24 Tex. Civ. App. 377, 59 S. W. 27; Eldridge v. McDow, 132 S. W. 517; Cowen v. Bank, 94 Tex. 547, 63 S. W. 532, 64 S. W. 778; Bank v. McWhorter, 179 S. W. 1147, by this court, not yet officially reported.

[4] The findings of the court as to Terrell and Mabel are different. The court finds generally that all of the property claimed "is the direct result of the gift from E. R. Rector to said children and shown to have occurred as follows:" In the summer of 1909 the father gave to his son a horse, and in the summer of 1912 the son and father sold this horse for $65, and deposited it in the bank in the name of Terrell Rector. Within a few weeks Terrell gave his check on this account for $35, in payment for a Jersey cow, of which part of the animals levied on is the increase; and the other cow was purchased by cash so deposited, which was traded for part of the animals levied on. The father gave Mabel a mare. The daughter and father sold this animal for money. This money the father delivered to the daughter, with which she purchased the mother of the mule and bald-face horse in controversy. The court certainly finds it was the purpose of the father to make the gift to these two children of the original horses named. It may be conceded that the animals first given the son and daughter were not delivered, and under the statute did not pass to the donees; when the father, with the son and daughter, sold the animals, and the father gave into their possession the money, the gift as to the money became complete. The court finds it was the purpose to give and that it was completed by actual delivery. The title and

right in the son and daughter to their respective sums of money was complete. 20 Cyc. 1193. The gift of the money so established was executed, and could not thereafter be revoked. 20 Cyc. 1212; Thompson v. Caruthers, 92 Tex. 530, 50 S. W. 331. The animals thereafter purchased with this money, together with their increase, was the property of the son and daughter, respectively, by purchase and not gift. As to such animals so purchased, the statute quoted did not apply, but the title to the animals being in the children, if they were on the range, would be in the constructive possession of the children. As to property so purchased, as we conceive the law to be, it was not necessary that the possession "come to and remain with actual delivery." If the title vested by purchase, they could hold the property by actual, constructive, or symbolic delivery. Money deposited in a bank in the name of the donee, and a delivery of the passbook or the like, makes the transaction valid as a gift. 20 Cyc. 1204; Hill v. Escort, 38 Tex. Civ. App. 487, 86 S. W. 367; Cowen v. Bank, 94 Tex. 547, 63 S. W. 532, 64 S. W. 778; Burns v. Lowe, 161 S. W. 942; Thompson v. Caruthers, 92 Tex. 530, 50 S. W. 331; same case 51 S. W. 1093. We believe when the donor deposited the money in the bank subject to be checked out by the donee and it so stood in the name of the donee, that it should be treated as such delivery as will constitute a gift in law. The findings of the court as to Terrell and Mabel we believe show the purpose on the part of the father to give, and the delivery of the money which followed will support the gift of the money. The trial court was therefore in error we believe in holding the animals claimed by these children subject to execution against the father.

[5] The findings of the court do not show that at the time of the gift the appellee was a prior creditor of E. R. Rector. By his findings he only gives the date of the rendition of the judgment, which shows to have been some time after the gift had been made as found by him. If it should be shown by the evidence that the father was at the date of the gift, or either of them, indebted and was not possessed of property sufficient to pay his existing debts, the gift then so made as to such existing creditor would be void. Art. 3967, R. C. S.; Maddox v. Summerlin, 92 Tex. 486, 49 S. W. 1033, 50 S. W. 567.

The trial court having failed to find the separate value of the animals, we cannot therefore reverse and render the judgment as requested by appellant. The case, however, will be reversed and remanded as to all of the claimants.