SANDERS v. CHADDICK.    (No. 563–4016.)

(Commission of Appeals of Texas, Section A. Dec. 20, 1924.)

1. Sales ⬤⟷48½ [New, vol. 13A Key-No. Series]—Purchaser of automobile represented to be new held not chargeable with violation of statute relative to transfers of secondhand cars.

One purchasing used automobile, in reliance upon representations that it was new, *held* not chargeable with a violation of Acts 36th Leg. c. 138 (Vernon's Ann. Pen. Code Supp. 1922, arts. 1617¾–1617¾k), prohibiting transfers without obtaining bills of sale or transfers of tax collector's receipt for license fee.

2. Sales ⬤⟷50—Purchaser, retaining and using automobile after discovery of fraud practiced upon him, is not entitled to rescind and recover original purchase price.

Purchaser of used automobile, in reliance on false representations that it is new, who retains and continues to use it after discovery of fraud, is not entitled, when sued on note given in payment, to rescind contract and recover original purchase price.

3. Sales ⬤⟷396—Purchaser of automobile failing to allege invalidity of sale held not entitled to recover payments made.

Facts relied upon for recovery must be pleaded, and purchaser of automobile, who failed to plead invalidity of sale for noncompliance of seller with Acts 36th Leg. c. 138 (Vernon's Ann. Pen. Code Supp. 1922, arts. 1617¾–1617¾k), relating to transfers of secondhand automobiles, *held* not entitled to recover payments made on ground of such alleged invalidity of sale.

4. Appeal and error ⬤⟷1090(1)—Litigant's failure to prosecute writ of error precludes review.

Failure of litigant, obtaining favorable judgment in Court of Civil Appeals, to prosecute writ of error to review particular point determined adversely to him, precludes further review.

Error to Court of Civil Appeals of Fourth Supreme Judicial District.

Suit by C. Chaddick against H. E. Sanders, wherein defendant filed cross-action. Judgment for defendant on both action and cross-action was reversed, and cause dismissed, by Court of Civil Appeals (250 S. W. 722), and defendant brings error. Judgment of Court of Civil Appeals reversed, and that of district court reformed, so as to deny recovery to defendant, and, as reformed, affirmed.

⬤⟷For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

J. C. Russell, of Sinton, and Boone & Savage, of Corpus Christi, for plaintiff in error.

Kleburg, Stayton & North, of Corpus Christi, for defendant in error.

BISHOP, J. Defendant in error, C. Chaddick, filed suit against the plaintiff in error, H. E. Sanders, in the district court of Nueces county on January 25, 1922, to recover on a note in the sum of $1,245, of date September 1, 1920, and due two months after date, and to foreclose a chattel mortgage given by Sanders on one Hudson four-passenger speedster automobile.

Sanders answered by general denial and plea of failure of consideration. He also, by cross-action, alleged that on the date of said note Chaddick sold him said Hudson automobile, representing that it was a new car, in good condition, and in good running order, and of the then price and fair and reasonable value of $2,995; that he purchased said automobile relying on said representations and believing them to be true, and paid therefor one Oldsmobile car, of the reasonable value and at the agreed price of $1,750, and executed and delivered said note and mortgage; that thereafter, on the 18th day of November, 1920, he paid Chaddick the sum of $58.50, and all interest on said note to January 2, 1921, and on November 23, 1920, the sum of $441.50; that said Hudson automobile was not a new car, and was not in good condition and running order, and was not of the reasonable price and value of $2,995, but was a used car, and not of the value of more than $500, all of which was well known to Chaddick; that he did not learn that said automobile was not a new car until January 14, 1921, and that he would not have executed said note and mortgage and made said payments, nor would he have transferred to Chaddick his said Oldsmobile car, had he known said representations so made to him were untrue; that when he discovered he had been defrauded he demanded that Chaddick cancel and deliver to him his note, and return the consideration paid by him for said Hudson automobile, which was refused. He alleged that said Hudson automobile was defectively constructed, and contained weak and defective parts, and was in such poor condition and repair that he was compelled to expend $500 in order to be able to use it. In his plea, he made tender of the Hudson car and prayed for rescission and damages.

By trial amendment, Chaddick alleged that at the time he sold the Hudson automobile to Sanders it was of the reasonable market value of $2,845; that Sanders paid the sum of $1,600 by his transfer of the Oldsmobile car, and thereafter, on November 18, 1920, the sum of $58.50, and on November 23, 1920, the further sum of $441.50, leaving a balance due of $745, with interest at 6 per cent. and prayed that, if for any reason he was not entitled to recover as alleged in his original petition, he have judgment for said sum of $745, with interest thereon.

Plaintiff in error, Sanders, in answer to the trial amendment, alleged that Chaddick had not complied with the requirements of the law when he repurchased the secondhand Hudson automobile from T. D. Ward, to whom he had sold same prior to his sale to Sanders, and that he did not comply with the requirements of the law when he sold said secondhand car to Sanders. The evidence shows that Chaddick, who was an automobile dealer, had, prior to the sale of the Hudson car to Sanders, sold said car to T. D. Ward and thereafter repurchased same.

The case was submitted to a jury, and on special issues they found that at the time T. D. Ward resold the Hudson car to Chaddick, although he had in his possession the tax collector's receipt for license tax, he did not deliver it to Chaddick nor transfer it, and did not deliver a bill of sale to the car to Chaddick; that at the time Chaddick sold the car to Sanders he did not transfer the receipt, and did not deliver a bill of sale; that Chaddick represented to Sanders that the Hudson automobile was a new car, and that Sanders believed that representation to be true at the time he purchased the car; that, though the car was secondhand, it was of the reasonable market value of $2,845 when sold to Sanders; and that at that time no replacements and repairs on said car were necessary.

On motion of Sanders, the trial court rendered judgment that Chaddick take nothing by his suit, but that Sanders recover from Chaddick the sum of $1,750, the value of the Oldsmobile car traded by Sanders to Chaddick, with 6 per cent. interest from September 1, 1920, and the sum of $100 paid by Sanders to Chaddick on November 18, 1920, with 6 per cent. interest from said date, and the sum of $441.50 paid by Sanders to Chaddick on November 23, 1920, with 6 per cent. interest from said date, said sums with interest aggregating the sum of $2,542.24. The judgment also required Sanders to deliver to Chaddick the Hudson car on the payment of said last-named sum, and decreed and foreclosed a lien on said car to secure said sum.

On appeal by Chaddick from said judgment to the Court of Civil Appeals, the judgment of the district court was reversed and the cause dismissed; that court holding that "the evidence showed that H. E. Sanders bought the secondhand car from appellant (Chaddick) without obtaining a bill of sale or transfer of the license, and also sold an Oldsmobile car to appellant without giving a bill of sale or transfer of the license," in violation of a criminal law making it unlawful to buy or trade a secondhand motor vehicle without demanding and receiving the tax collector's receipt for the license fee issued for said motor vehicle for the year that

same is bought, or to sell or trade such vehicle without transferring and delivering such receipt, and without delivering to the purchaser a bill of sale, as provided by the Acts of the 36th Legislature, c. 138, pp. 253–256 (Vernon's Annotated Penal Code Supplement 1922, arts. 1617¾–1617¾k); that in the transaction both Chaddick and Sanders violated the provisions of the statute, and for that reason neither should be allowed to recover. 250 S. W. 722.

Plaintiff in error, Sanders, by his assignments complains that the Court of Civil Appeals is in error in holding that he violated the law in either failing to obtain a bill of sale or transfer of license to the Hudson car or in failing to give a bill of sale or transfer of license on his transfer of the Oldsmobile car.

[1] We think these assignments should be sustained. On the trial there was no contention that the Oldsmobile car was transferred without complying with the statute requiring delivery of bill of sale and license receipt. There was no evidence raising or tending to raise this issue. From the absence of evidence, the court was not warranted in assuming that in the transaction Sanders had violated a criminal law. The evidence showed, and the jury found, that at the time Sanders purchased the Hudson car it was represented to him as being, and he believed it to be, a new, and not a secondhand, car. This being true, he should not be held to be a guilty participant in the crime of transferring a secondhand motor vehicle without complying with the requirements of the law.

[2] The undisputed evidence shows that, after Sanders learned and knew of the fraud practiced in the sale of the Hudson car to him, he retained the car and continued to use it, and was using it at the time of the trial. By reason of this act, he was not entitled to a judgment rescinding the contract and recovering the original purchase price of the car. Houston Motor Car Co. v. Brashear (Tex. Civ. App.) 158 S. W. 233; Southern Gasoline Co. v. Adams (Tex. Civ. App.) 169 S. W. 1143; Hallwood Cash Register Co. v. Berry, 35 Tex. Civ. App. 554, 80 S. W. 857.

[3] Sanders, in his brief filed in the Court of Civil Appeals, practically admits that he was not entitled to the judgment rescinding the sale, under the allegations in his plea by cross-action that he was induced to purchase the car by the fraudulent representations made to him. He claims, however, that, by reason of the fact that Chaddick violated the law, he is entitled to the judgment rendered by the trial court. His contention is that the sale, not having been made in the manner required by law, was void, and that no title passed. He claims that he could retain, use, and enjoy the car, as the evidence shows he has done in this case, and when he is sued for the balance due on the contract price, over one year after the purchase, recover judgment for all that he has paid, with legal interest from the date of payment, and deliver back the car with or without even thanks for its use. If this is the law, which we seriously doubt, it would not entitle him to the judgment rendered herein, for the reason that his pleadings do not allege facts entitling him to this relief. It is elementary that one suing another must allege the facts upon which he relies for recovery. In his pleadings seeking affirmative relief, plaintiff in error does not allege that the sale is void by reason of being unlawfully made.

[4] Chaddick, in the Court of Civil Appeals, insisted that the trial court was in error in refusing him recovery for the balance due him by Sanders on his purchase of the Hudson car. His claim there was that the sale and trade of secondhand motor vehicles is not by the statute made illegal, but that only the failure to comply with the law in the manner in which such sale or trade is made is unlawful; that the crime is committed, not in making the sale of the vehicle, but in failing to give the bill of sale and license receipt, and that distinction should be drawn between provisions and penalties which aim to prohibit the making of a contract and the imposition of duties which are entirely collateral to the contract, and that the violation of law in this case did not render illegal either the contract of sale or the consideration therefor. However, his contention was overruled, and he has made no application for writ of error. For this reason, this question is not now before the court for determination.

The value of the Hudson car at the time of sale was $2,845. Sanders has paid on the purchase price only $2,291.50, as follows: $1,750, which is his estimate of the value of his Oldsmobile car, $100, paid on the note November 17, 1920, and $441.50, paid November 23, 1920. The trial court has refused Chaddick a recovery for the balance due on the note. Sanders has suffered no injury, as his Hudson car was of greater value than he has been required to pay under his contract.

We recommend that the judgment of the Court of Civil Appeals, reversing the judgment of the district court and dismissing the cause, be reversed, and the judgment of the trial court be reversed only in so far as it grants plaintiff in error, H. E. Sanders, a recovery, and that judgment be entered that said Sanders take nothing by reason of his cross-action.

CURETON, C. J. Judgment of the Court of Civil Appeals reversed, and that of the district court reformed, so as to deny recovery to plaintiff in error Sanders, and, as reformed, is affirmed.