### HOLLOWAY v. MILLER et al. (No. 204.)

(Court of Civil Appeals of Texas. Waco. April 16, 1925. Rehearing Denied May 14, 1925.)

**1. Appeal and error ⬦745—Assignment not considered where record failed to show filing in trial court.**

Assignment of error complaining of judgment entered nunc pro tunc at a succeeding term of court without notice could not be considered by appellate court, where record failed to show that such assignment had been filed in trial court, in view of Rev. St. art. 1612; Rule 23 of Court of Civil Appeals (142 S. W. xii).

**2. Appeal and error ⬦934(1)—Notice presumed given to parties that judgment nunc pro tunc would be entered.**

In absence of a showing in record that parties against whom a judgment nunc pro tunc was entered were not given notice, presumption would be that such notice was given.

**3. Sales ⬦437(1)—Defense to suit for breach of warranty of title to car not available where not pleaded.**

In suit for breach of warranty of title to car sold plaintiff and taken from him by rightful owner, defense that plaintiff was not entitled to recover because defendant had violated Vernon's Ann. Pen. Code Supp. 1922, arts. 1617¾c—1617¾f, in failing to execute a bill of sale and transfer license fee receipt at time of sale and delivery, was not available where not pleaded.

**4. Courts ⬦91(1)—Court of Civil Appeals must follow holdings of Supreme Court.**

Court of Civil Appeals must follow holdings of Supreme Court.

**5. Appeal and error ⬦681—Error not predicable on leave to file supplemental petition, where record failed to show filing.**

In suit to recover purchase price of car sold plaintiff and taken from him by rightful owner, error was not predicable on trial court's action in permitting plaintiff to file supplemental petition raising new issues and in refusing defendant a continuance to meet same, where record failed to show that such new pleading was filed.

**6. Judgment ⬦18(2) — Not based on oral pleading, where case was filed originally in county court.**

Judgment could not be based on an oral pleading, where case was filed originally in county court.

**7. Judgment ⬦251(1) — Judgment awarding plaintiff recovery on ground which was not pleaded held unauthorized.**

In suit to recover purchase price of car sold plaintiff and taken from him by rightful owner, in which petitioner sought a recovery because defendant had given him a bill of sale guaranteeing title, it was error to submit special issues as to express agreement to repay amount paid and to render judgment on findings thereon.

**8. Sales ⬦437(3)—Plaintiff required to prove, in action for purchase price of stolen car, that defendant warranted title thereto.**

In suit to recover purchase price of car sold plaintiff and taken from him by rightful owner, in which petitioner sought a recovery because defendant had given him a bill of sale guaranteeing title thereto, which title had failed, plaintiff was required to prove such bill of sale warranting title, and that car was a stolen car and was taken from plaintiff by rightful owner.

**9. Judgment ⬦18(2) — Elements constituting cause of action must be pleaded.**

To support judgment, elements constituting cause of action must be pleaded.

Error from McLennan County Court; Giles P. Lester, Judge.

Action by Fred Miller against L. E. Holloway, in which defendant interpleaded T. D. Bryant and another. Judgment for plaintiff against first-named defendant, and first-nam-

ed defendant brings error. Reversed and remanded.

Johnston & Hughes, of Waco, for plaintiff in error.

Tom. M. Hamilton and Shires & Dunnam, all of Waco, for defendants in error.

### Statement.

STANFORD, J. This suit was brought by defendant in error, Fred Miller, against plaintiff in error, L. E. Holloway, to recover $425, alleging he had bought of the said Holloway a Ford car and paid him $425 for same, and that Holloway had given him a bill of sale, wherein Holloway guaranteed title to said car to him and wherein Holloway warranted title to said car to him, and that said car was a stolen car and was taken away from him by the rightful owner, by reason of which Holloway became liable to him on his said warranty, and by reason of which Holloway became liable to him in the sum of $425. The said Holloway answered by demurrer, exceptions, general denial, and special plea to the effect that he (Holloway) had bought said car from T. D. Bryant and O. L. Jones, and interpleaded them, and asked that in case Miller should recover against him, then that he have judgment over against the said Bryant and Jones for $450, the amount he paid them for said car. The said Bryant and Jones, after demurrers, exceptions, and general denial, plead specially, denying they ever owned said car, and alleged that in making the sale of said car to Holloway they acted only as agents for Rex Lewis, the owner, and prayed that Lewis be made a party, etc. No service was ever had on Lewis, and he was dismissed from the case.

The court submitted the case to the jury on special issues, which special issues and the answers of the jury thereto are as follows:

"Special Issue No. 1: Did the defendant, L. E. Holloway, agree with plaintiff, Fred Miller, that the car in question was a stolen car? Answer: Yes.

"Special Issue No. 2: Did the defendant, L. E. Holloway, agree with plaintiff, Miller, that he, the said Miller, should deliver the car to the party claiming the same? Answer: Yes.

"Special Issue No. 3: Did defendant, Holloway, agree to repay the plaintiff, Miller, the sum of $425, just before or at the time said car was delivered to the party claiming it? Answer: Yes.

"Special Issue No. 4: Did the plaintiff, Miller, at the time of purchasing and receiving of said car, demand and receive a transfer of the tax receipt for the year 1922? Answer: Yes, he demanded it, but received it later.

"Special Issue No. 5: Did the plaintiff, Miller, pay to defendant, Holloway, the sum of $425 relying upon the promise of said Holloway to furnish him with a bill of sale and transfer of said car? Answer: Yes.

"Special Issue No. 6: Were Bryant and Jones the owners of said car, or were they acting as agents of Rex Lewis? Answer: No, they were acting as agents.

"Special Issue No. 7: Did Bryant and Jones, or either of them, represent to said Holloway that they were the owners of said car? Answer: No."

The case was tried and the above findings of the jury returned on June 13, 1923, but no judgment was entered on said findings at that term of the court, which expired on June 23, 1923. On November 27, 1923, defendant Fred Miller filed his motion to enter judgment on said findings of the jury as of date June 13, 1923, which said motion was, on said date, granted and judgment so entered, awarding a recovery in favor of Fred Miller against L. E. Holloway of $425, and denying Holloway any recovery against Bryant and Jones, and Holloway has brought the case to this court by writ of error.

### Opinion.

[1, 2] Under his thirtieth assignment, and also his first proposition thereunder, plaintiff in error contends that a judgment entered nunc pro tunc at a succeeding term of court, without notice to the parties against whom entered, is voidable and should be set aside on appeal. This assignment cannot be considered, the record failing to show any such assignment filed in the trial court. We realize this assignment could not have been embraced as one of the paragraphs of the motion for a new trial, in that said motion was filed and overruled before the motion to enter the judgment nunc pro tunc was filed. We realize also a litigant has the right to file assignments additional to those set up in the motion for a new trial, but they must be filed in the trial court and incorporated in the transcript, as well as in the brief, in order to entitle them to consideration. Article 1612, Revised Statutes; Rule 23 of Courts of Civil Appeals (142 S. W. xii); Kruegel v. Bolanz (Tex. Civ. App.) 103 S. W. 435; Hardy v. Lamb (Tex. Civ. App.) 152 S. W. 650; Rector v. Continental Bank & Trust Co. (Tex. Civ. App.) 180 S. W. 309; Lee v. Zielinski (Tex. Civ. App.) 197 S. W. 327. If considered this assignment would have to be overruled, on the ground there is nothing in the record to show that all of said parties were not given notice of said motion and were not present on the hearing of same, and in the absence of such showing in the record, the presumption is such notice was given.

[3, 4] Under several assignments, plaintiff in error contends, in substance, that defendant in error, Miller, was not entitled to recover against him the $425 paid to him by Miller, because he (Holloway) had violated the criminal statutes of this state in failing to execute a bill of sale and transfer the license fee receipt to Miller for said car at the time of the sale and delivery of said car to Miller. There is no pleading in this case

raising the questions presented by these assignments. We are aware of the fact that in the cases of Chaddick v. Sanders (Tex. Civ. App.) 250 S. W. 722, and Fulwiler Motor Car Co. v. Walker (Tex. Civ. App.) 261 S. W. 147, the Court of Civil Appeals, Fourth District, held that a violation of articles 1617¾c, 1617¾d, 1617¾e, and 1617¾f of Vernon's Ann. Penal Code, Supp. 1922, in the sale or purchase of a secondhand automobile, presented fundamental error, and that it was not necessary for such violation to be pleaded, in order to constitute a defense. But in the first case above mentioned a writ of error was granted, and the Commission of Appeals held that in order for such violation to be availed of, it must be pleaded, and this holding is approved by our Supreme Court, and it is our duty to follow this holding. See Sanders v. Chaddick (Tex. Com. App.) 267 S. W. 248. On the authority of this case, we hold the matters here complained of; not having been pleaded, by plaintiff in error, cannot constitute any defense to him. We overrule all of plaintiff's assignments presenting this matter.

[5-9] Under plaintiff's first and second assignments, the contention is made, in substance, that the court erred in allowing plaintiff, Miller, to file a supplemental petition, raising new issues, and in refusing him a continuance in order to prepare to meet same. The record does show plaintiff, Miller, asked leave of the court to amend his pleadings by filing a trial amendment, and that plaintiff in error objected to same being filed, and that the court overruled such objection; but the record fails to show that any such new pleading was filed. Plaintiff in error also contends, under these assignments, that without pleading as a basis for same, the court permitted Miller to testify that at the time he surrendered the stolen car plaintiff in error agreed to repay him said $425, and that by reason of said promise he was induced to surrender same, and that the court submitted this issue to the jury and based his judgment on the finding to the same effect. This case having been filed originally in the county court, a judgment could not be based on oral pleading. Plaintiff, Miller, in his amended petition, sought a recovery upon the ground that Holloway had given him a bill of sale to said car wherein Holloway had guaranteed and warranted to him the title to said car, and that such title had failed. In other words, Miller pleaded a written warranty of title and a failure of such title, but failing to prove any bill of sale or other written warranty of title, the case was submitted to the jury and recovery had upon an entirely different theory, to wit, that Holloway, by reason of his surrendering said car, had expressly agreed to repay him the $425 he had paid for the car. In other words, he

pleaded one ground of recovery, to wit, a breach of warranty of title to the car, and was awarded a recovery upon another ground, to wit, an express verbal promise by Holloway to repay the $425 by reason of his having surrendered the car to the claimant, which was not pleaded. To recover upon the cause of action pleaded, it was essential that Miller prove a bill of sale in which Holloway warranted the title to said car, and that said car was, as a matter of fact, a stolen car and was taken from him by the rightful owner. None of these matters were submitted to the jury, because there was no evidence to sustain them. To recover under the cause of action as submitted, it was only necessary for Miller to prove he paid Holloway $425 for the car, that Holloway agreed the car was stolen—whether it was or not was immaterial—and advised Miller to surrender the car, and at the same time promising Miller that he (Holloway) would repay him the $425. It is just as essential that the elements constituting a cause of action be pleaded as it is that they be proven. If defendant in error had prepared and filed his amended pleading as the court gave him leave to do, this objection doubtless would have been obviated; but he not having done so, the court erred in submitted grounds of recovery without any pleading as a basis for same.

We sustain these assignments, and reverse and remand this cause.