## MILLIKEN v. ANDERSON et al. (No. 2819.)

Court of Civil Appeals of Texas. Amarillo.
May 4, 1927.

1. **Attachment ⚬⇒211—Judgment for plaintiff foreclosing attachment lien held proper, where allegations of ownership, not sustained by evidence, were not challenged by motion to quash.**

Judgment for plaintiff, foreclosing attachment lien in his behalf, was proper, where his alleged ownership of foreign judgment on which the suit was brought was not challenged by motion to quash, though evidence showed he had assigned the entire foreign judgment.

2. **Judgment ⚬⇒943—Evidence of ownership of foreign judgment held admissible in suit thereon, where defendant denied part of interveners' alleged interest.**

Where, in suit on foreign judgment, the defendant's answer to petition of interveners admitted that interveners were owners of one-half interest in the judgment, alleged by them to have been assigned in entirety, evidence of actual ownership was admissible.

3. **Evidence ⚬⇒424—Debtor, sued on foreign judgment by judgment creditor and assignees, could not object to proof contradicting written assignment.**

Judgment debtor, sued by judgment creditor who had assigned judgment and by assignees, could not object to proof contradicting the assignment, tending to show its purpose.

4. **Evidence ⚬⇒424—Parol evidence rule is not available to stranger to instrument.**

Rule excluding parol evidence to vary or contradict a written instrument is not available to a stranger to the instrument.

5. **Evidence ⚬⇒424—Party to written instrument may contradict it by parol as against stranger thereto.**

A party to a written instrument may vary or contradict it by parol evidence as against a stranger thereto.

6. **Trusts ⚬⇒43(3)—Intervener, assignee of foreign judgment, could testify judgment creditor still owned equitable interest.**

Intervener, in suit on foreign judgment, could properly testify that, though plaintiff and judgment creditor had assigned entire judgment to his firm, he still owned an undivided half interest therein, since a trust may be ingrafted into a written instrument by parol testimony.

7. **Judgment ⚬⇒935—Owners of undivided interests may institute suit on foreign judgment alone or jointly.**

Real owners of undivided interests in a foreign judgment may institute suit thereon either alone or jointly.

8. **Parties ⚬⇒40(5)—Persons claiming partial interest as assignees may intervene in suit on foreign judgment.**

Persons claiming to be owners as assignees of an interest in a foreign judgment may intervene in suit thereon by the judgment creditor; the statute not inhibiting assignment of interest in the claim.

9. **Parties ⚬⇒48—Interveners may adopt plaintiff's pleadings, thereby making themselves coplaintiffs and proper parties.**

Interveners may adopt plaintiff's pleadings as their own so far as applicable, thereby making themselves coplaintiffs and proper parties.

10. **Attachment ⚬⇒129—Foreclosing plaintiff's attachment lien in favor of interveners, who adopted plaintiff's pleadings but had not filed affidavit and bond, held improper.**

Foreclosing attachment lien in favor of interveners, who came into suit after attachment writ had been levied and issued, and who were adjudged to be owners of an undivided interest in the plaintiff's cause of action, held error, though they had adopted plaintiff's pleadings so far as applicable, but had not filed affidavit and bond.

Error from District Court, Wichita County; Guy Rogers, Judge.

Action by Chas. Anderson against W. H. Milliken, in which J. H. Atwood and others intervened. Judgment for plaintiff and interveners against defendant, and the defendant brings error. Reformed, and, as reformed, affirmed.

Jos. H. Aynesworth, of Stinnett, for plaintiff in error.
Bullington, Boone, Humphrey & King, of Wichita Falls, for defendants in error.

HALL, C. J. The defendant in error, Anderson, instituted this suit to recover upon a judgment which had been rendered in his favor against plaintiff in error, Milliken, in the circuit court of Jackson county, Mo., on April 17, 1922. A certified copy of the Missouri judgment was attached to the petition, and Anderson alleged that the judgment was in full force and effect for the full sum of

---

$3,000, with interest at the rate of 6 per cent. from its date, and prayed for judgment for the full amount and for costs.

Milliken answered by general demurrer and general denial, and attacked the Missouri judgment against him upon the gróund that it was ·unconscionable, excessive, and· was rendered through mistake or accident on his part, in not knowing when the case had been set for trial, he was not present when the same was rendered.

On September 15, 1922, Milliken filed a supplemental answer, alleging that he had filed a bill in equity in the circuit court of Jackson county, Mo., to set said judgment aside, and was advised and believed that, upon a hearing of said cause, the judgment would be set aside and held for naught. He further alleged that Anderson, the plaintiff in said judgment, before the filing of this suit, had for a váluable consideration transferred, assigned, and conveyed all right, title, and interest in and to said Missouri judgment and pretended cause of action, and by reason thereof he was not the legal owner of the judgment sued upon and was not author-ized to sue.

On March 30, 1925, judgment by default was rendered in this case against Milliken for the full amount of the Missouri judgment sued upon, with interest and foreclosure of attachment lien, which Anderson had there-tofore obtained by levy of attachment writ sued out in this case and levied the 30th day of March, 1923, upon certain property belong-ing to Milliken in Wichita county.

On April 21, 1925, Milliken filed a petition in the nature of a' bill of review to set aside the default judgment, and on the 1st day of May, 1925, the default judgment was set aside and a new trial granted.

On June 19, 1925, J. H. Atwood, Price Wickersham, O. S. Hill, and C. C. Chillcott and one A. C. Popham, by permission of the court intervened in this action and alleged that the judgment rendered in favor of An-derson against Milliken in Jackson county, Mo., had been transferred and assigned to them for a valuable consideration.

On October 6, 1926, plaintiff in error Milli-ken answered the petition of intervention filed by defendants in error Atwood and others, alleging in substance that the inter-veners were the attorneys who represented Anderson in recovering the Missouri judg-ment. He further states that while he does not controvert the validity of the assignment as to one-half of said judgment, as consider-ation for their services as attorneys for An-derson, he alleges that the remaining one-half interest in the judgment was assigned for a nominal consideration and was not a valid assignment, and in effect alleged that Ander-son was still the equitable owner of one-half of said judgment. This allegation is not verified.

On November 9, 1925, the defendants in error replied to ·this pleading, denying gener-ally its allegations, and specially alleged that all matters set up in this action had been duly and legally litigated and decided against Milliken by the Kansas City Court of Appeals on appeal· from the judgment rendered in the circuit court of Jackson county, Mo., in the case of Anderson against Milliken. '

The case then came on for trial on Nov-ember 9, 1925, and Milliken in open court ad-mitted that the defenses theretofore set up by him in his bill of review had been decided adversely to him in Jackson county, Mo., and admitted that the judgment sued on was a good and valid judgment, save and except as to the question of assignment. Milliken also waived his cross-action for damages against Anderson because of the issues and levy of the attachment writ; ·whereupon the' trial court instructed the jury to return a verdict in favor of Anderson and the interveners for the amount sued for, together with a fore-closure of the attachment lien. From the judgment entered in accordance with such instruction, this appeal is prosecuted.

By his assignments and propositions, the appellant in no way attacks the amount of the judgment in so far as rendered in favor of the interveners, but does attack it in so far as it forecloses the attachment lien in their favor. He attacks the judgment, how-ever, rendered in favor of Anderson.

[1] The court did not err in rendering judgment for Anderson and in foreclosing the attachment lien upon the property in his be-half. It is true that the evidence shows that Anderson had assigned, in writing, his entire Missouri judgment, to his attorneys, the in-terveners, and it is. true that he alleged that the entire indebtedness was due him but the truth of this allegation was not challenged by motion to quash the attachment upon that ground, even if it be admitted that such ground was available, and we think it was not. Green v. Hoppe (Tex. Civ. App.) 175 S. W. 1117.

[2-5] In his answer to the plea of inter-vention, Milliken admitted that the inter-veners were the owners of an undivided one-half interest in the judgment against him, and denied their ownership of the other half interest. Under this pleading, evidence was admissible as to .the real ownership of the judgment. The judgment having been as-signed, and its assignment having been au-thorized by Revised Statutes, art. 569, no valid objection could be made by Milliken to proof which in effect contradicted the assign-ment, and which tended to show the purpose and effect of the writing. Milliken was not a party to the written assignment of the judg-ment. The rule excluding parol evidence to vary or contradict a written instrument is not available to a stranger to it. Milliken could have offered testimony to vary or con-tradict the recitals of the assignment, and the rule is that, where a stranger to a written

instrument is thus free to vary or contradict it by parol evidence, his adversary, although a party to the instrument, is equally free to do so. 22 C. J. 1292.

[6] One of the interveners was permitted to testify over Milliken's objection that, while the latter had assigned the judgment in toto to his firm, Anderson still owned an undivided one-half interest in it, and that his firm held such interest under the assignment in trust for Anderson.

It is a settled law in Texas that a trust may be ingrafted into a written instrument by parol testimony, even in actions between the parties to the instrument. Hudson v. Wilkinson, 45 Tex. 444; Cuney v. Du Pree, 21 Tex. 211; McClenny v. Floyd, 10 Tex. 159; Thompson v. Caruthers, 92 Tex. 530, 50 S. W. 331; Lester v. Hutson (Tex. Civ. App.) 167 S. W. 321.

[7, 8] The real owners of the judgment could, either alone or jointly, institute suit, and the court did not err in permitting the interveners to come into the action and assert their claims. The fact that they have intervened and are parties to the action with Anderson protects Milliken from any subsequent action by any one interested in the claim against him, either as legal or equitable owners thereof, and he is in no degree injured by the judgment of the court. The statute does not inhibit the assignment of an interest in the claim, and the assignee of part of a judgment or of an interest in a cause of action has a right to intervene and submit his claims to adjudication. Trinity County Lumber Company v. Holt (Tex. Civ. App.) 144 S. W. 1029.

[9] By their pleadings, interveners adopted the pleadings of Anderson as their own in so far as they were applicable, thereby making themselves coplaintiffs with Anderson. Their right to do so is not questioned in this court, and they are therefore proper parties. Green v. La Rue Oil Association (Tex. Civ. App.) 272 S. W. 623. That Anderson was entitled to a foreclosure of his attachment lien to the extent of his interest in the judgment cannot be successfully contested.

[10] The further proposition is urged that the court erred in foreclosing the attachment lien in favor of the interveners. We think this contention is sound.

The interveners came into the suit after the attachment writ had been issued and levied. They made no affidavit and no bond to protect the defendant, and were in no sense parties to the ancillary proceedings. Their adoption of Anderson's pleadings cannot be construed as an adoption of the attachment proceedings, and they would in no sense be liable for any damages if the attachment had been sued out by Anderson wrongfully or illegally, and, not having assumed any of the responsibility or liability incident

thereto, cannot be made beneficiaries under it.

We conclude that the judgment is erroneous in so far as it forecloses the attachment lien in favor of the interveners, and in this particular it is reformed, and, as reformed, is affirmed.