### PALM v. PALM. (No. 1289.)

(Court of Civil Appeals of Texas. El Paso. Feb. 23, 1922.)

**1. Trial ⬅⇒295(1)—Charge construed as a whole.**

Charge must be construed as a whole.

**2. Trial ⬅⇒191(4) — Charge held not to assume that defendant made improvements on land.**

In trespass to try title, a charge that if "defendant went into possession of the land in controversy, and made valuable improvements thereon under a parol gift from his father, then you are instructed not to consider any agreements to convey the land back," etc.—held not objectionable as assuming that defendant entered on the land and made valuable improvements under a parol gift.

**3. Trial ⬅⇒253(11)—Instruction held not objectionable as telling the jury not to consider certain statements of party admissible to affect his credibility.**

In trespass to try title, an instruction that if "defendant went into possession of the land in controversy, and made valuable improvements thereon under a parol gift from his father, then you are not to consider any agreements to convey the land back unless such agreements were in writing and supported by a consideration; neither will you consider any verbal agreements to convey the land back by O. P. (the defendant) made after the 10-year period has elapsed," etc.—held not objectionable as charging the jury that statements made by the defendant as to paying rent upon the land should not be considered for any purpose, in that such testimony was offered and should have been considered for the purpose of passing on the credibility of the witness.

**4. Adverse possession ⬅⇒114(1) — Evidence held sufficient to warrant verdict of possession under 10-year statute.**

In trespass to try title against one claiming land under a parol gift and 10 years' possession, evidence held sufficient to support a verdict for defendant under the 10-year statute of limitations.

**5. Trespass to try title ⬅⇒46 — Finding held one in favor of parol gift.**

In trespass to try title to 207.1 acres of land which defendant claimed under a parol gift and possession for 10 years, held that a verdict for defendant for 123.7 acres could properly be a finding in favor of the parol gift, in view

of the court's charge that possession and valuable improvements were necessary to support a parol gift.

**6. Gifts ⬅⇒25—Actual possession of whole premises unnecessary under parol gift.**

A parol gift of a tract of land may be good as to the whole tract though the donee only fences, improves, and goes into actual possession of a part of it.

Appeal from District Court, Shackelford County; W. R. Ely, Judge.

Suit by Mrs. Valina Palm against Oliver Palm. Judgment for defendant, and plaintiff appeals. Affirmed.

Slay, Simon, Smith & Morris, of Fort Worth, and M. S. Long, of Albany, for appellant.

A. A. Clarke, of Albany, and Claude C. Wild, of Dallas, for appellee.

HARPER, C. J. Mrs. Valina Palm, appellant, brought this suit in trespass to try title against Oliver Palm, appellee, to recover 207.1 acres of land.

The defendant pleaded not guilty and the 10-year statute of limitations to 123.7 acres of the land.

The plaintiff is the surviving wife of Henry Palm, deceased, and they were the father and mother of defendant, Oliver Palm.

The land in controversy is a part of a 640-acre tract originally granted to Henry Palm. He having left a will by which all of his property passed to his wife, plaintiff, record title is now in her. Upon the trial the defendant introduced evidence to prove a parol gift from his father of the 207.1 acres sued for, with his mother being present and assenting, followed by his taking actual possession by fencing 123.7 acres of the land, and making other permanent and valuable improvements; and also offered evidence in support of his plea of limitations.

The contention of plaintiff as to the defendant's claim under parol gift, as revealed by the evidence in her behalf, is that the defendant was permitted to go upon the land under the agreement that he should occupy, cultivate, etc., it for three years, rent free, as a consideration for improvements, and at the expiration of the three years he was to purchase at $20 per acre.

The case was submitted upon a general charge, and the jury made the following finding: "We the jury, find for the defendant, Oliver Palm, 123.7 acres of land which he now has under fence." And judgment was entered accordingly, from which it is properly here for review.

First assignment is:

"The court erred in his charge to the jury, wherein he charged the jury as follows:

" 'If you should find and believe from the evidence that the defendant went into posses-

sion of the land in controversy and made valuable improvements thereon under a parol gift from his father, then you are instructed not to consider any agreements to convey the land back unless such agreements were in writing and supported by a consideration; neither will you consider any verbal agreements to convey the land back by Oliver Palm made after the 10-year period has elapsed, if it did, if you should find in favor of the defendant under his plea of 10 years' limitation.' "

The following are the reasons given as to why the charge is error:

"(a) Because said charge is upon the weight of the testimony in that it is an assumption on the part of the court that the defendant entered upon the land in controversy and made valuable improvements thereon under a parol gift from his father, when such issue was. an issue of fact to be determined by the jury, and precluded the jury from passing upon the credibility and weight of the testimony.

"(b) Because said charge instructs the jury, in effect, not to consider for any purpose the statements made by the defendant, Oliver Palm, as to paying rents upon said land, which said testimony was offered for the purpose and should have been considered by the jury for the purpose of passing upon the credibility of the witness and defendant, Oliver Palm, and should have been limited to such purpose, while said charge, in effect, precludes the jury from considering such statements and agreements for any purpose.

"(c) Because said charge instructs the jury not to consider any verbal agreements to convey the land back by Oliver Palm, made after the ten-year period had elapsed, when such testimony should have been considered by the jury, regardless of when such agreements were made, in order to permit the jury to intelligently pass upon the credibility of said witness, and because, further, such testimony was not offered for the purpose of showing a reconveyance of the land, but for the purpose of substantiating the claim of the plaintiff that the defendant did not and had not held such adverse possession as was necessary under his claim of ten years' limitation."

[1-3] The charge when construed as a whole, as must be done in all cases, is not subject to the criticisms. By separate paragraphs the issues whether or not the defendant should recover upon the theory of parol gift and limitations were properly submitted to the jury, and this paragraph follows the others. So clearly this paragraph, in its beginning, "if you should find and believe from the evidence," etc., is connected with, and refers to and makes a part thereof, the preceding paragraphs of the charge; therefore does not

assume that any issue had been proven. Neither does it charge the jury not to consider any statements of any witness as evidence in proof of any issue, but is confined to "any agreements to convey the land back unless they were in writing." To that extent charged the law applicable to the evidence theretofore adduced, and left the jury free to consider all the testimony for whatever it might in their judgment be worth, in arriving at their verdict as to either of the issues. We think the jury should have so understood it, and doubtless did. The second is to the same point, and is overruled with the first for the reasons assigned above.

The only other assignment is that the verdict and judgment are contrary to the law and the evidence, and the evidence is wholly insufficient to support said verdict under the appellee's claim under the statute of 10-year limitation.

[4] It is asserted, by proposition, that practically the only evidence relied on by appellee to support his plea of limitations is his testimony. Other witnesses who lived near to the land testified unequivocally as to the time appellee entered upon the premises in 1909; that he built a house; fenced the land, 123.7 acres thereof; cultivated some of it; and lived on it with his family continuously up to the date of bringing this suit, in 1920. And there is sufficient evidence to support the verdict of the jury upon this and to the effect that he was claiming it as his own all this time.

[5, 6] We are of the further opinion that the verdict of the jury can properly be held to have been a finding in favor of the parol gift. True, the finding is for 123.7 acres, whilst the verdict in favor of parol gift could properly have been rendered for the whole of the tract sued for, notwithstanding there was no actual possession of the whole. Houston Oil Co. v. Payne (Tex. Civ. App.) 164 S. W. 886. The whole necessarily includes the lesser acreage, and, in view of the court's charge that possession and valuable improvements were necessary to support a parol gift, the jury may have (and for all the record discloses did) found in favor of appellee upon this issue upon the theory that he was only entitled to recover the portion of the whole actually fenced.

This proposition is not suggested by either party, but we think it is an additional reason why the cause should here be affirmed.

Affirmed.