**UNION BUILDING & LOAN ASS'N v. PRATT et al.**

**No. 2815.**

Court of Civil Appeals of Texas. Beaumont.
July 12, 1935.

Rehearing Denied July 17, 1935.

W. H. Graham, of Houston, for plaintiff in error.

E. T. Chew, of Houston, for defendants in error.

O'QUINN, Justice.

Suit in trespass to try title brought by defendant in error Henry Pratt against plaintiff in error, Union Building & Loan Association, for the title and possession of certain lands situated in Harris county, Tex. The petition in one count is in the form of trespass to try title, but defendant in error also asserted title by the ten years' statute of limitation. Plaintiff in error answered by plea of not guilty. Defendant in error E. T. Chew intervened, claiming an undivided one-half interest in the premises in controversy.

The case was tried to the court without a jury, and judgment rendered in favor of defendants in error and against plaintiff in error for the title and possession of the land, and for costs of suit.

At the request of defendants in error, the court made and filed his findings of fact, which are:

"1. That the mother of plaintiff, Henry Pratt, while she was a single woman, before her marriage to Banks, did some time prior to the year 1915, make a parol gift to plaintiff of the land described in plaintiff's petition and described on blue print map prepared by Stewart Boyles, County Surveyor, Harris County, marked thereon as the 'Henry Pratt tract.'

"2. That at the time of the parol gift of the land in controversy to the plaintiff, Henry Pratt, by his mother, she occupied a portion of the larger tract, out of which the land in controversy is located, as her home. The tract of land so occupied by her, being off of the east end or side of said larger tract fronting 53.93 feet on Westheimer Road and running back between parallel lines along the east line of said larger 2.543 acre tract, as designated and placed by the blue print map prepared by Mr. Boyles, County Surveyor, referred to.

"3. That at the time of the parol gift of the tract in controversy to plaintiff, Henry Pratt, by his mother, Maggie Pratt, afterwards Maggie Banks, she had control of and possession of the east one-half of that certain 5 acre tract described in partition decree entered in Cause No. 101700, styled, Mahala Oliver, et al., vs. Maggie Banks, under claim of right. That said east one-half of said 5 acre tract, comprising 2.543 acres, was decreed and set aside to her in said partition proceeding on or about the 12th day of March 1923.

"4. That at the time of the parol gift of the land in controversy to plaintiff, as found in the foregoing paragraphs 1 and 2, the said Maggie Pratt also gave equal tracts of land out of the same 2.543 acre tract to another son, Solomon, and to her niece, Bertha Jackson. She stated to each, at the time of said gifts, that she desired each of them to have equally the remainder of said 2.543 acre tract, beginning at the south west corner of her fenced homestead tract on Westheimer Road, each to have an equal frontage on said road and each to run back between parallel lines, through her said 2.543 acre tract, to the north line thereof, all as shown on blue print map prepared by Mr. Boyles, the tract given to plaintiff to adjoin her home tract, then Solomon, and then Bertha Jackson.

"5. The plaintiff, Henry Pratt, accepted his tract of land, the land in controversy, and in reliance upon the gift, with the consent and knowledge of the donor, immediately, or within a very short time thereafter, fenced a greater portion of same and made valuable and permanent improvements thereon, and took actual possession

of same, and from time to time made more and more valuable improvements thereon, at all times occupying same with his family.

"6. Plaintiff's mother, after her gift of the land in controversy to plaintiff, continued to reside upon her adjoining home place until the date of her death on or about the year 1931. She seeing and knowing of said improvements placed on the land in controversy by plaintiff and she at all times acknowledging to plaintiff and to different persons that the land in controversy belonged to plaintiff and often restated the fact of her gift of the land in controversy to plaintiff. This acknowledgment on the part of Maggie Banks and the restatement of her gifts of said property to plaintiff being made at times when she was a single woman and when she was a married woman.

"7. That from and after the original gift of the land in controversy to plaintiff, Henry Pratt, by his mother, Maggie Pratt, afterwards Maggie Banks, afterwards Maggie Harris, she never claimed any of the land given to plaintiff, or her son Solomon, or her niece, Bertha Jackson, as her homestead, but on the contrary, she did at all times state and reaffirm the fact that she had given same to plaintiff and to Solomon and to Bertha Jackson. She only claiming homestead rights to the tract of land she reserved for her own along the east side of 2.543 acre tract, as shown by blue print map of Mr. Boyles, referred to.

"8. That at the time and date of the parol gift of the land in controversy to plaintiff by his mother, plaintiff did immediately take actual possession of same by fencing same along the entire frontage on Westheimer Road and on the west and north, the east already fenced, to a depth of 165.5 feet back from Westheimer Road. Plaintiff did at all times from and after the gift of said property to him by his mother and after he took possession of same and improved same, asserted and claimed ownership of the entire tract in controversy, under and by virtue of the gift of said property to him from his mother, plaintiff at all times having peaceable and continuous adverse possession of the land in controversy, cultivating, using and enjoying the same and claiming the entire property described in plaintiff's petition as his own for a period of more than 15 years prior to the institution of the present suit.

"9. On the 29th day of May 1929, plaintiff's mother, Maggie Banks Harris, and her then husband, Albert Harris, executed a Deed of Trust to David Ball, Trustee, in favor of the defendant, Union Building and Loan Association, upon land described as the east one-half of the 5 acre tract shown on the blue print map before the Court, same being executed to secure the indebtedness named in said Deed of Trust. The description in said Deed of Trust includes the land in controversy. The indebtedness named in said Deed of Trust not being paid, the Trustee, David Ball, sold the property in controversy to satisfy said debt and same was purchased by the defendant, Union Building and Loan Association, as shown by the Trustee's Deed recorded in Vol. 895, page 608, Deed Records of Harris County, Texas.

"10. The plaintiff, Henry Pratt, by deed dated shortly prior to the institution of this suit, conveyed to the intervenor, E. T. Chew, an undivided one-half interest in and to the land in controversy in this suit."

Plaintiff duly excepted to these findings and presents assignments of error against each of them, as being without sufficient support in the evidence, and contrary to the preponderance of the evidence. We have carefully examined the statement of facts, and while there is considerable conflict and confusion in some of the testimony of the negro witnesses, there is testimony of other witnesses supporting in the main the testimony of the witnesses Pratt and Bertha Jackson, clearly showing the gifts in præsenti of the land as claimed, acceptance of same, possession taken and valuable and permanent improvements made in virtue of said gifts, and continued possession and occupancy of the premises as homes by the donees for more than ten years prior to the institution of this suit, as found by the court. We adopt the fact findings of the court as our findings, and overrule all assignments urged against them.

We shall not discuss the many assignments presented, but only the questions thought necessary for a decision of the appeal.

The judgment should be affirmed:

(a) Because Pratt acquired title to the land claimed by him by the parol gift of same to him by his mother, he having taken possession of same, and having made valuable and permanent improvements up-

on same in reliance upon said gift, with her full knowledge and consent. Barrett v. Calloway (Tex. Civ. App.) 66 S.W.(2d) 367; Palm v. Palm (Tex. Civ. App.) 238 S. W. 312; Davis v. Douglas (Tex. Com. App.) 15 S.W.(2d) 232.

(b) Since the property in controversy was given to Pratt by his mother at a time when she was a widow, she had the legal right to give same to her son whether the property at the time constituted a part of her homestead or not. Davis v. Douglas (Tex. Com. App.) 15 S.W.(2d) 232.

(c) Regardless of the homestead character of the land in controversy at the time of the gift of the land to Pratt by his mother, he having taken possession of the land in reliance upon the parol gift, and thereafter made valuable and permanent improvements thereon in the form of fences, residence house of several rooms, and outhouses, as he did with the knowledge and consent of his mother, the gift thereupon became effective to invest him with title by estoppel, the property having ceased to be a part of the homestead of the donor. Peterman v. Harborth (Tex. Com. App.) 300 S. W. 33.

(d) Pratt, having accepted the gift of land from his mother, and having taken possession of the land and made valuable improvements thereon, continuously claiming same as his own, holding, using, and enjoying the same as against all persons for more than ten years prior to the institution of this suit, acquired title to same under the ten years' statute of limitations (Vernon's Ann. Civ. St. art. 5510). Palm v. Palm (Tex. Civ. App.) 238 S. W. 312.

(e) The fact that on May 29, 1929, Maggie Banks Harris (mother of Henry Pratt) and Albert Harris, her then husband, executed a deed of trust to David Ball, trustee for the Union Building & Loan Association, covering the property in controversy, securing certain indebtedness, and that when the indebtedness fell due and was not paid, Ball, the trustee, sold the property under and by virtue of the power of sale contained in the deed of trust, did not as a matter of law amount to a rescission of the gift of the property to Pratt, because the gift had long before become completely effective, vesting title to the property in Pratt, and therefore could not be rescinded. Thompson v. Caruthers, 92 Tex. 530, 50 S. W. 331 (last paragraph);

28 C. J., p. 649, § 45; 12 R. C. L., p. 952, § 27.

(f) At the time of the execution of the deed of trust by Maggie Banks Harris and her husband, Albert Harris, May 29, 1929, in favor of plaintiff in error, Union Building & Loan Association, Maggie Banks Harris did not own the property in controversy, having long prior thereto parted with her title to same by parol gift to her son, Henry Pratt, defendant in error, and therefore the plaintiff in error, Union Building & Loan Association, acquired no title to the property in question by the foreclosure of the deed of trust and the deed to it from the trustee named therein, since defendant in error Pratt was in actual possession of the property when said deed of trust was executed, and at all times subsequent thereto. Peterman v. Harborth (Tex. Com. App.) 300 S. W. 33 (paragraph 5 of syllabus).

All assignments have been considered, and none of them show error. The judgment is affirmed.