**GUERRA et al. v. TABASCO CONSOL. INDEPENDENT SCHOOL DIST.**
**· et al.**

**No. 9956.**

Court of Civil Appeals of Texas. San Antonio.

March 3, 1937.

Rehearing Denied March 31, 1937.

Strickland, Ewers & Wilkins, of Mission, and E. A. McDaniel and E. N. Catlett, both of McAllen, for appellants.

B. H. Oxford and Roy Buckley, both of Mission, and Griffin & Kimbrough, of McAllen, for appellees.

SMITH, Chief Justice.

This suit in trespass to try title involves the title to a part of lot 260 out of Porcion No. 38, in Hidalgo county, which had been set apart to Francisco Flores Rivas in an earlier partition suit. Lot 260 embraces 2.75 acres of land, and this action involves 2.32 acres thereof, leaving the title to the remaining .43 acres in the common source, the said Rivas and his assigns.

It was alleged by appellee Tabasco Consolidated Independent School District of said county that it purchased 2.32 acres out of the larger parcel of 2.75 acres from Rivas and his wife, at a parol sale in October, 1925, which sale was confirmed, or ratified, by the grantors' deed, executed on September 6, 1926, as well as by their conduct in accepting the agreed consideration (for the parol sale) from the district, and in immediately segregating the two tracts, fencing and retaining possession of the smaller parcel, and placing the district in possession of the larger, and permitting the district to place, and thereafter maintain, occupy, and use valuable permanent improvements thereon.

Upon a trial the district recovered judgment for title, in pursuance of findings which fully support all of said allegations. Those findings have not been challenged, and therefore become the findings of this court.

In addition to conventional allegations pertinent to an action in trespass to try title, the school district specially pleaded title, first, through the parol sale; second, by limitation; third, through deed confirming and ratifying the parol sale; and, fourth, by estoppel.

The defendants below, appellants here, after a plea of not guilty, contested the suit of the district upon the grounds: First, that the parol sale was void because at that time the property constituted the homestead of Rivas and his wife; and, second, that the alleged ratification deed was void for uncertainty in describing the property.

The trial judge sustained appellees' plea of estoppel; held that the deed was made in pursuance of the parol sale, and was sufficient to pass title, as well as to confirm the prior parol sale.

We deem it unnecessary to discuss any major question except that of estoppel. Upon that issue the trial judge made the following findings of fact:

"1. In the year 1925, sometime prior to October 31, of that year, and probably the first part of said month, plaintiff and defendant Francisco Flores Rivas entered into an oral agreement by which the said Rivas agreed to sell plaintiff and plaintiff agreed to purchase from said Rivas all of Lot 260 out of Porcion No. 38, * * * save and except a small portion of said lot upon which the residence of the said Rivas was then located, the limits and metes and bounds of said reserved portion to be designated and pointed out by said defendant Rivas upon the ground, in the final consummation of said agreement, at an agreed consideration of $50.00 per acre for the land remaining in said lot 260 after the segregation and marking off of that portion so reserved by the defendant Rivas, it being agreed between said parties that said defendant Rivas and a representative of plaintiff would go upon said land, and the said defendant Rivas would there designate the exact portion of said land to be excepted from said sale and retained by said defendant; whereupon plaintiff would pay said Rivas the agreed purchase price of $50.00 per acre for said portion of said lot remaining after segregation of said reserved portion, whereupon the portion of said land so sold should be conveyed by proper deed of said defendant and his wife, Anastacia Flores de Rivas.

"2. Between the date when said oral agreement was entered into and October 31, 1925, said defendant Rivas and two of the then members of the Board of Trustees of plaintiff, in company with a surveyor or civil engineer, went upon said tract No. 260 and said defendant Rivas with the knowledge and acquiescence of his said wife, designated and pointed out that portion of said tract to be excepted and retained by him, and said retained portion so pointed out was under his direction surveyed by said engineer, and the corners thereof located and marked with stakes, and the remainder of said tract, so sold to plaintiff, was also surveyed, and the corners thereof located and marked by the engineer with stakes, under the supervision and with the acquiescence of said defendant Rivas and his wife.

"3. Thereafter, on October 31, 1925, plaintiff paid said defendant Rivas the sum of $116.00, which was payment in full at the rate of $50.00 per acre, for said land out of said tract No. 260 so surveyed, staked and set apart to plaintiff under said purchase agreement, that is to say, payment in full at the rate of $50.00 per acre for all of said land in said Lot No. 260, except the

part thereof surveyed, set apart to, retained and excepted from said sale by defendant Rivas; and the proceeds of said sale were used by said defendant Rivas and his wife for the support of themselves and family, with the knowledge on the part of said wife, that the money so used was paid by plaintiff to said defendant Rivas as the purchase price for said land. * * *

"5. That immediately after said land was surveyed, as hereinabove found, and the corners thereof marked by stakes, and said purchase price fully paid to defendant Rivas, with the knowledge, acquiescence and consent of his wife, placed plaintiff in full and complete possession, use and occupancy of all of said lot 260, save and except that part reserved by said defendant Rivas, and separated from said sale as hereinabove found, and said plaintiff has been in full and undisputed possession and using and occupying said land openly and notoriously for school purposes ever since plaintiff was so placed in possession thereof by defendant Rivas and his wife.

"6. That immediately upon going into possession of said property plaintiff erected on said land a two-room public school building, of the value of at least $1,500.00, and placed and maintained on said lands other outbuildings and play-ground equipment for the purpose of conducting a public school thereon, and for the use of the pupils attending said school. And since said time, plaintiff has occupied and used lands for public school purposes, claiming the title to said land openly and notoriously, the school being conducted thereon 9 months out of each calendar year; and plaintiff was claiming the title and use, and occupying said land for said purposes prior to and on September 22, 1934, during all of which time the defendant Rivas himself has had one or more children in attendance upon said school.

"7. Within a short time after said land had been surveyed and staked off, as hereinabove found, and after defendant Rivas received payment of the full price of $116.00, he erected a fence around that portion of said lot 260 reserved by him and excepted from said sale, and surveyed and marked off at his request, and under his supervision, completely separating and segregating it from the portion of said lot which he had agreed to sell to plaintiff, and at all times since then he has used and occupied only the fenced portion around his house so separated from said sale, maintaining the fences thereon separate and apart from the land sold to plaintiff by plaintiff used and occupied as aforesaid; and at no time since said fence was erected has he used any part of said land claimed, used and occupied by plaintiff. And upon the completion of said survey and the staking and marking off of said land, the defendant Rivas and his said wife vacated and abandoned to plaintiff all of said lot 260, except said portion reserved and excepted from said sale and fenced by him as aforesaid, he never thereafter making any claim to any of said lot 260, except said reserved portion until about September 22, 1934.

"8. That in going into possession and occupancy of said land, and in placing the improvements thereon plaintiff relied fully upon said oral transactions and said oral agreement, and the performance thereof, and all of said acts were done in pursuance of said oral agreement so performed, and in pursuance of said reliance on the part of plaintiff of title through and by virtue of the performance of said oral agreement.

"9. Shortly after plaintiff and defendant Rivas went upon said lot 260 and staked the same off, as hereinabove found, a warranty deed from said defendant Rivas and his wife was prepared by N. L. Reyna, who was at that time a member of the Board of Trustees of plaintiff, conveying 2.32 acres of land out of said lot 260, but said deed was not actually executed by said defendant and his wife until about September 26, 1926, said defendant and his wife not having theretofore executed and delivered, or tendered to plaintiff any deed conveying said property; that it was intended by all the parties to said deed that said deed should be sufficient conveyance of all of said lot No. 260 except the portion reserved and separated from said sale by defendant in his said oral agreement, that is to say, that said deed should be a sufficient conveyance of the property described in finding No. 4."

We are of the opinion that under the facts so found by the trial judge, appellee obtained title to the property by estoppel. Peterman v. Harborth (Tex.Com. App.) 300 S.W. 33; Union, etc., Ass'n v. Pratt (Tex.Civ.App.) 84 S.W.(2d) 781.

And the fact, if it exists, that the land conveyed by parol sale was a part of the Rivas homestead, cannot affect this decision, since estoppel is available in such cases even though the conveyance sought to be enforced may be a part of a homestead. Peterman v. Harborth, supra.

These conclusions settle the appeal, and require that all of appellants' propositions be overruled, and the judgment affirmed. It is so ordered.

### On Motion for Rehearing.

In their motion for rehearing appellants object, for the first time, to any consideration on appeal of the trial court's findings of fact and conclusions of law, upon the ground that those findings and conclusions were not filed in the court below thirty days before time for filing the transcript in this court. The statute provides that, upon demand the trial judge, "thirty days before the time for filing the transcript in the cause shall prepare his findings of fact and conclusions of law in any case tried before the Court." Article 2247, R.S.1925, as amended by the Acts of 1931, 42d Leg., p. 118, ch. 76, § 1 (Vernon's Ann.Civ.St. art. 2247). The record shows that the findings and conclusions were filed below on January 3, and the transcript was required to be filed in this court on or before January 5, unless the time therefor was enlarged upon application to this court, which did not occur. The transcript was filed here, by appellants, on January 4th.

Appellants did not assign error to the failure of the trial judge to file his findings and conclusions earlier. Appellants themselves requested the findings and conclusions, had them put in the transcript, brought the transcript here and filed it, made no objections to them in the record, or to their consideration on this appeal, until the cause was submitted and decided, and until they filed their motion for rehearing. We are by no means sure that by that course appellants did not waive the objection they now, on motion for rehearing and for the first time, interpose against any consideration of those findings and conclusions in the decision of the case. We are inclined, on the contrary, to hold that they have thereby waived any right to raise that objection.

But, giving effect to appellants' objections, the case is here with a statement of facts, and without any findings of the trial judge. In such case this court would be required to presume that the trial judge found, by implication, every fact essential to sustain the judgment, and supported by any material pleading and evidence. Appellants have not assigned error as to the sufficiency of the evidence to support appellees' pleadings, or the judgment rendered, in any particular, and the presumption of the sufficiency of the evidence would, accordingly, prevail.

Moreover, we have examined the statement of facts, particularly with reference to the issue of estoppel, and conclude that that evidence clearly establishes estoppel against appellants, and that the judgment of affirmance must be adhered to, regardless of other questions sought to be raised in the appeal.

Appellants' motion will be overruled.